THE PEOPLE OF THE STATE OF NEW YORK, Appellants, v. THE MUTUAL GAS LIGHT COMPANY OF THE CITY OF BROOKLYN, STATE OF NEW YORK, Respondent.

The provisions of the New Code (§ 870 *et seq.*), authorizing the examination of a party to an action, before trial, at the instance of the adverse party, do not include and cannot be extended to the officers, servants, agents or employees of a party, although such party be a corporation.

Accordingly *held,* that the director of a corporation defendant could not be compelled to submit to an examination before trial.

*Mix* v. *Andes Ins. Co.* (74 N. Y., 53), distingushed.

(Argued September 17, 1878 ; decided September 24, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an order of Special Term which denied a motion made on behalf of defendant to vacate an order for the examination before trial of Alexander Studwell, a director of defendant.  (Reported below, 14 Hun, 157.)

This action was brought by the attorney general in the name of the People to have the charter of the defendant declared forfeited, on the alleged ground that its capital stock had not been paid in as required by law.  The answer was verified by Studwell as director, and upon an *ex parte* application on behalf of plaintiff an order was issued for the examination before trial, which was claimed to be authorized by section 870 of the Code.

*Winchester Britton,* for appellant.   A corporation may be examined under section 870 of the Code of Civil Procedure

through its officers. (*Car* v. *G. W. Ins. Co.*, 3 Daly, 16; *La Farge* v. *Ex. Ins. Co.*, 22 N. Y., 354; U. S. R. S., 113, § 639, subd. 3; U. S. Laws 1867, chap. 196; *Cooke* v. *State Nat. Bk.*, 52 N. Y., 96; *Mix* v. *Andes Ins. Co.*, 9 Hun, 398; 17 Alb. L. J., 475; *Shaft* v. *Phœnix Ins. Co.*, 67 N. Y., 549; *Mahone* v. *M. and L. R. R. Co.*, 111 Mass., 72.)

*Wheeler H. Peckham*, for respondent. The witness Studwell not being a party to the action could not be examined under section 870 of the New Code before trial. (New Code, §§ 396, 525, 839, 870–872; *Goodyear* v. *Phœ. Rubber Co.*, 48 Barb., 522; *Woods* v. *De Figaniere*, 1 Robt., 610, 611; *La Farge* v. *Ins. Co.*, 22 N. Y., 352; *Field* v. *R. Co.*, 29 Barb., 176; *Wright* v. *R. Co.*, 28 id., 84; *Johnson* v. *McIntosh*, 31 id., 270; *Cooke* v. *State Bk.*, 52 N. Y., 114; *Peck* v. *Mayor, etc.*, 3 id., 489; *Wash. Bk.* v. *Palmer*, 2 Sand., 686; *Erie R. Co.* v. *Cook*, id., 732; *Mont. Bk.* v. *Marsh*, 3 Seld., 481; *Appleton* v. *Ins. Co.*, 9 Vroom. [N. J.], 272; *Vermilyea* v. *Fulton Bk.*, 1 Paige, 37–38; *Wych* v. *Meal*, 3 Peere Wms., 312; *Wright* v. *Dane*, 1 Metc., 240; *Fenton* v. *Hughes*, 7 Ves., 289; 2 Story's Eq., § 1501; 1 Danl. Ch. Pr., 296–297.)

Hand, J. The statute authorizes an examination of a party to an action before trial at the instance of an adverse party. (Code, § 870 *et seq.*) The question presented by this appeal is whether, under this statute, Studwell, a director of the defendant, may be compelled to submit to an examination by the plaintiff before trial. As Studwell is not a party, and the Gas Light company is the sole defendant, it would seem to follow necessarily that the statute as to parties did not authorize his examination in this action. The word "party," as used in this and previous similar statutes, has an unmistakable meaning. It means a plaintiff or defendant, and cannot be extended to the officers, servants, agents and employees of the parties, whether such parties be corporations or natural persons.

Upon the construction of a similar provision of the former Code the New York Superior Court, after an elaborate and careful examination of the question, in *Woods* v. *De Figaniere* (1 Robt., 610), arrived at the same conclusion, upon reasoning which meets our approval. (See also *Goodyear* v. *Rubber Co.*, 48 Barb., 522; *Apperson* v. *Insurance Co.*, 9 Vroom. [N. J.], 272.)

It is urged that this construction is too narrow, and that as the statute authorizes the examination of all parties, without exception, it necessarily includes corporations, and the only method of examining them is to examine their officers. But, however proper it might be that the Legislature should provide, in case of corporations, parties defendant, that certain of their officers might be examined, in the same manner and with the same effect as the parties themselves in other cases, this has not been done; and in the absence of such provision, it cannot be held that *any* officer, agent or employee, that the opposite party may select, must submit himself to examination, under the authority of a statute compelling the examination of parties only.

Corporations, when parties, are from their nature exempt from examination under this statute, and for the same reason they are liable to have received in evidence against them the testimony of the adverse party, as to transactions had with them, through deceased officers, their representatives in such transactions. (*La Farge* v. *Insurance Co.*, 22 N. Y., 352.)

The decision of this court in *Mix* v. *Andes Insurance Co.*[*] does not touch the present case.

The question there, which was whether, where a petition of the corporation itself is presented by its counsel, an affidavit of its principal officer, in support of such petition, may be adopted by the corporation, filed as its own, and thereupon treated by the court as its affidavit, differs obviously from the question whether an individual not a party to an action may be compelled, at the instance of either party, to

*Ante,* p. 53.

submit himself to an examination, under a statute applicable to the examination of parties only.

The order of the General Term must be affirmed, with costs.

All concur, except MILLER and EARL, JJ., absent.

Order affirmed.