## J. MARCUS BOORMAN, Appellant, *v.* THE ATLANTIC AND PACIFIC RAILROAD COMPANY, Respondent.

The provision of the Code of Civil Procedure (§ 870), authorizing the taking of the deposition "of a party to an action," before trial, at the instance of an adverse party, does not authorize the examination of the directors of a corporation, which is a party.

Nor can such directors be required to produce before trial, for the inspection of the opposite party, the books of the corporation, or to give him sworn copies of entries therein, under the provision (§ 803) authorizing the court to compel such production or copy by "a party to an action."

*It seems,* that to authorize the production of books and papers under said provision, it must be shown that they are in the possession or under the control of the person required to produce them.

(Argued November 11, 1879 ; decided November 18, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of the chief justice of the Court of Common Pleas, in and for said county, sitting as a county judge, vacating a former order made by him in this action, which directed three of defendant's directors named, to appear at a time and place specified, to testify in said action, and also to produce the books of minutes of the board of directors, and the transfer books, and allow plaintiff to inspect them ; and also requiring said directors to make and deliver to plaintiff sworn copies of the entries relating to stock transferred to or by him during a period specified, or of any transfers of stock represented by certain certificates specified.    (Reported below, 17 Hun, 555.)

*J. M. Boorman,* for appellant.    The provisions of section 870 of the Code of Civil Procedure authorized the examination of defendant's directors before trial as parties. (*Glenny v. Stedwell,* 64 N. Y., 122, 123, 125–127; *King v. Leighton,* 58 id., 385, 386; *McCall v. McCall,* 54 id., 551; *Carr v. G. W. I. Co.,* 3 Daly, 160; *W. S. Bk. v. Pugsley,* 47 N Y., 368; 2 Story's Eq. Jur., § 1501; 2 Story's Eq. Pl., § 235; *Many v. Beekman Iron Co.,* 9 Paige, 178, 193; *Finch v. Finch,* 2 Ves., 492; *Un. P. C. Co. v. Met. Co.,* 3 Daily,

171; *La Farge* v. *Ex. Ins. Co.*, 22 N. Y., 252; *Duryee* v. *Mayor, etc.*, 7 W. Dig., 449; 1 U. S. Stat., 78, § 11, 24th Sept., 1879; Brightly's U. S. Dig. [1858], 126, § 17; Conkling's Treatise U. S. Courts [4th ed.], 156; *Boyd* v. *Croydon Co.*, Bing. [N. S.], 669; 2 Phil. & A. Ev., 172; 8 T. R., 593; *People* v. *Gas. Co.*, 74 N. Y., 434; *Woods* v. *Figaniere*, 1 Robt., 610; *Ansonia Br. Co.* v. *Ch. Co.*, 53 N. Y., 123.) Defendant's directors could be required to produce the books and minutes and stubs, or deliver sworn copies as required by the vacated order of April 2, 1878. (*King* v. *Leighton*, 58 N. Y., 385; *U. P. Col. Co.* v. *Met. Co.*, 3 Daly, 171; *Geery* v. *Hopkins*, 2 Ld. Raym., 351; *Livingston* v. *Curtis*, 12 Hun, 124; *Cooke* v. *Tanswell*, 1 Moore, 465; *Rice* v. *Ehele*, 65 Barb., 187; *McCall* v. *McCall*, 54 N. Y., 551.)

*Charles D. Burrill, Jr.*, for respondent. As an application for discovery, production or inspection under sections 803 to 809, the papers were wholly defective. (Code, § 868; 4 N. Y. W. Dig., 324.) A production of the books and papers referred to, could not be compelled as a part of the examination of a party before trial. (*Hanseman* v. *Sterling*, 61 Barb., 347; *De Barry* v. *Stanley*, 5 Daly, 412.) Agents, directors and presidents of corporations cannot be examined as parties under section 870 of the Code. (*People* v. *Mut. G. L. Co.*, 14 Hun, 157; affmd., Ct. Appeals, 74 N. Y., 434; *Goodyear* v. *Phœnix R. Co.*, 48 Barb., 522.) The affidavits were fatally defective and insufficient to justify the examination of a conceded party to the action, as they did not show that the testimony was material and necessary, or how it was. (*Beach* v. *Mayor*, 14 Hun, 79; *Greer* v. *Allen*, 15 id., 432; *Chapin* v. *Thompson*, 16 id., 53; *Levy* v. *Loeb*, 5 Abb. [N. C.], 157; *Corbett* v. *De Comeau*, 5 id., 169.)

DANFORTH, J. The order obtained by the plaintiff was threefold. It required, *First*. That several persons, not

parties to the action, but directors of the defendant, should appear before trial and testify on plaintiff's examination. It was not claimed that this clause had any support unless it could be found in section 870. That it cannot, was determined in *The People* v. *Mutual Gas Light Co.* (74 N. Y., 434), a case in this respect similar to the one before us. *Second.* That these persons should, at the same time, produce certain books of the defendant for the plaintiff's inspection; and *Third.* Give him sworn copies of certain entries. There is no warrant for either direction. The books and papers are not shown to be in the custody or under the control of the persons named, nor are the proceedings in any respect such as the statute indicates for that purpose. The sections of the Code (§§ 803–806) referred to by the learned counsel for the appellant, permit the court, in cases prescribed by the general rules of practice, to compel a party to an action to produce books and papers for his adversary's inspection, and to be copied by him; but the plaintiff's proceeding is not against the party, and as that defect is fatal to his appeal, it is unnecessary to specify others.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.