By the Court.—Speir, J.
The object stated by the plaintiff in his affidavit in making this motion is, to procure materials which shall enable him to make an amended complaint. The defendant’s motion to vacate the order of examination was granted chiefly upon the ground that it did not appear that it was necessary to the prosecution of the plaintiff’s rights, so far as the form of his complaint was concerned, that it should be made more definite and certain ; that the form of his complaint will entitle him to all the relief that his proven cause of action under it would call for; in short, that the moving papers did not conform to Buie 83 of general practice, in that it shows no facts or circumstances as to the materiality or necessity of the examination.
These are sufficient grounds for the vacation of the order. So far, however, as the defendant, the "Union Trust Company, is affected by the motion, the affidavit is defective in another material matter. It does not mention the name of the officer or director of the trust company whose testimony is necessary and material. By the seventh subdivision of section 872 of the Code, an officer of a corporation defendant could not be examined as a party (People v. Gas Light Co., 74 N. Y. 434). This is now permitted by chapter 536 of the Laws of 1880, but as a condition it is enacted that the affidavit must state the name of the officer or director whose testimony is necessary or material. The moving affidavit contains no such statement.
The order must be affirmed, with costs.
Freedman, J., concurred.