CHARLES F. REICHMANN, APPELLANT, *v.* THE MAN-
HATTAN COMPANY, RESPONDENT.

*Evidence — examination of a party before trial — the officers and directors but not the
servants or agents of a corporation can be examined — Code of Civil Procedure,
sec. 872, as amended by chap. 536 of 1880.*

Section 872 of the Code of Civil Procedure, as amended by chapter 536 of 1880,
   providing for the examination of the parties to an action before trial, authorizes
   the examination of the officers and directors of a corporation, when their testi-
   mony is necessary and material, but does not authorize the examination of its
   servants, agents or employes.

APPEAL from an order entered in this action on the 23d of
November, 1881, vacating an order for the examination, as a party
before trial, of one Stephenson, a station inspector in the employ-
ment of the defendant, on behalf of the plaintiff.

The action was brought to recover damages for an assault and a
false imprisonment.

*Simon Sultan,* for the appellant.

*Charles Steele,* for the respondent.

BRADY, J. :

The examination contemplated in this case was sought under
section 872 of the Code, as amended by chapter 536 of the Laws of
1880 (see vol. 1, p. 755), and by which the seventh subdivision
of the section named was amended so as to read as follows :

"Any other fact necessary to show that the case comes within one
of the last two sections, and if the party sought to be examined is
a corporation, the affidavit shall state the name of the officers or
directors thereof, or any of them whose testimony is necessary and
material, or the books and papers, as to the contents of which an
examination or inspection is desired, and the order to be made in
respect thereto shall direct the examination of such persons and the
production of such books and papers."

Prior to this amendment it was determined that the provisions of
the Code authorizing the examination of a party to an action did

not include, and therefore could not be extended to, the officers, servants, agents or employes of a party, although such a party was a corporation, and it was accordingly held that the directors of a corporation could not be compelled to submit to an examination before trial. (*The People* v. *The Mutual Gas-Light Co.*, 74 N. Y., 434; *Boorman* v. *The Atlantic and Pacific R. R. Co.*, 78 id., 599.)

It will be perceived that the amendment includes officers and directors whose testimony is necessary and material, and names no other class of individuals connected with the corporation. It does not extend to servants, agents or employes, therefore, *eo nomine*, it is confined to officers and directors of the corporation. The officers of a corporation are elected, if the power is not expressly lodged in other hands, as for instance in a body of directors, by the company at large (Angel and Ames on Corp., 115), and the servants, employees and agents are selected by the officers unless some other mode of appointing them is provided by the corporation itself.

In the case of the *People* v. *The Mutual Gas-Light Co.,* the Court said: " The word party, as used in this and previous similar statutes, has an unmistakable meaning; it means a plaintiff or defendant, and cannot be extended to the officers, servants, agents and employees of the parties, whether such parties be corporations or natural persons," and the legislature, by the amendment of 1880, enlarged the signification of the word party, so as to embrace officers or directors, and no others, as already suggested. The particular designation of the persons thus made cannot well be understood otherwise than as declarative of the intention of the legislature not to include any other persons. The officers and directors are included, because they embrace the superior class of persons connected with the corporation, who are invested with authority by it to manage its affairs, and, therefore, to conduct its business, including the power to give instructions and directions to subordinates, whether they be agents, servants or employes. It would be impossible, by any stretch of the imagination at all consistent with the words officers and directors, to embrace a station inspector, whose duties, according to his designation, are clearly subordinate and would seem to be restricted to the stations and are the incidents connected with them. The plaintiff is not remediless, because if he desires to show the particular instructions given to a subordinate

which are essential to his case, he may seek the examination of the officers or directors under the statute, from whom he can obtain the necessary information or evidence, according to the fact.

The result of this review is that the order appealed from must be affirmed, with costs and disbursements.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.