CITY OF BUFFALO, Respondent, *v.* HANNA FURNACE CORPORATION et al., Appellants.

Argued April 23, 1953; decided June 4, 1953.

*Dana B. Hellings, Percy R. Smith* and *Ralph Ulsh* for appellants. I. The testimony which defendants desire to obtain by the depositions is material and necessary to establish the defenses pleaded. II. There is authority in the Court of Appeals to order taking the deposition sought by defendants. (*State of Ohio ex rel. Fulton* v. *Saal,* 239 App. Div. 420; *Republic of Honduras* v. *Soto,* 112 N. Y. 310; *Ohio* v. *Helvering,* 292 U. S. 360; *Helvering* v. *Stockholms Enskilda Bank,* 293 U. S. 84; *Sherwood* v. *United States,* 112 F. 2d 587; *Nardone* v. *United*

*States,* 302 U. S. 379; *Stanley* v. *Schwalby,* 147 U. S. 508; *Fahey* v. *South Nassau Communities Hosp.,* 275 App. Div. 1056; *Heidell* v. *Murray Co.,* 255 App. Div. 792; *Crellin* v. *Van Duzer,* 267 App. Div. 744; *Shapiro* v. *Goldstein,* 256 App. Div. 996; *Bienenfeld* v. *Mortgage Comm. of State of N. Y.,* 161 Misc. 311; *Matter of Bond & Mtge. Guar. Co.* [*10–16 Division St.*], 172 Misc. 637; *Matter of Lowndes* v. *Connolly,* 264 App. Div. 806.) III. The Superintendent of Public Works and Chairman of the State Thruway Authority has no immunity from testifying to facts essential to the establishment of the affirmative defenses of defendants. IV. The Legislature has waived any previously existing immunity of the State of New York, including its agencies, officials and political subdivisions, both as to liability and as to depositions before trial. (*Holmes* v. *County of Erie,* 266 App. Div. 220, 291 N. Y. 798; *Bloom* v. *Jewish Bd. of Guardians,* 286 N. Y. 349; *Bernardine* v. *City of New York,* 294 N. Y. 361; *Daniels* v. *City of Syracuse,* 200 Misc. 415.) V. If the Court of Appeals should be of the opinion that any prior decisions are opposed to granting defendants' motion, such decisions should not be followed. (*Uvalde Asphalt Paving Co.* v. *City of New York,* 149 App. Div. 491; *Matter of Ihrig* v. *Williams,* 181 App. Div. 865; *Davidson* v. *City of New York,* 175 App. Div. 969, 221 N. Y. 487; *Bush Term. Co.* v. *City of New York,* 259 N. Y. 509; *Kasitch* v. *City of Albany,* 283 N. Y. 622; *Rucker* v. *Board of Educ. of City of N. Y.,* 284 N. Y. 346; *Friedman* v. *State of New York,* 250 App. Div. 809; *Bloom* v. *Jewish Bd. of Guardians,* 286 N. Y. 349; *Bloede Co.* v. *Devine Co.,* 211 App. Div. 180.)

*Fred C. Maloney, Corporation Counsel* (*Francis E. Cornish* of counsel), for respondent. I. There is no statutory authority for the examination asked for. II. The matters upon which the examination is sought are not material in the trial of this action. (*Delaware, L. & W. R. R. Co.* v. *City of Buffalo,* 158 N. Y. 266; *City of Buffalo* v. *Stevenson,* 207 N. Y. 258; *City of Mt. Vernon* v. *New York, N. H. & H. R. R. Co.,* 232 N. Y. 309; *Dygert* v. *Schenck,* 23 Wend. 446; *Dodge* v. *Campbell,* 128 Misc. 778; *Loesch* v. *Manhattan Life Ins. Co.,* 128 Misc. 232, 220 App. Div. 828.) III. No necessity has been shown for the examination sought. (*Drake* v. *Herrman,* 261 N. Y. 414; *Brown* v. *Bedell,*

234 App. Div. 90; *Moffat* v. *Phœnix Brewery Corp.*, 247 App. Div. 552; *Fahlmann* v. *Colonial Beacon Oil Co.*, 248 App. Div. 933; *O'Boyle* v. *Home Ins. Co.*, 226 App. Div. 767; *Hodgson* v. *News Syndicate Co.*, 165 Misc. 882, 253 App. Div. 808; *De La Gandara* v. *Pynchon*, 250 App. Div. 506.)

*Nathaniel L. Goldstein, Attorney-General* (*Matthew A. Tiffany* and *Wendell P. Brown* of counsel), for Bertram D. Tallamy, as Superintendent of Public Works of the State of New York and as Chairman of the New York State Thruway Authority. I. There is no statutory authority for the examination sought. (*Smith* v. *State of New York*, 227 N. Y. 405; *Sadigur* v. *State of New York*, 173 Misc. 645; *Commissioners of State Ins. Fund* v. *Lapidus*, 182 Misc. 368; *Kasitch* v. *City of Albany*, 283 N. Y. 622; *Bush Term. Co.* v. *City of New York*, 259 N. Y. 509; *Davidson* v. *City of New York*, 175 App. Div. 969, 221 N. Y. 487; *Waldron* v. *Molloy & Murray Contr. Co.*, 260 App. Div. 876; *Uvalde Asphalt Paving Co.* v. *City of New York*, 149 App. Div. 491; *Rucker* v. *Board of Educ. of City of N. Y.*, 284 N. Y. 346; *Friedman* v. *State of New York*, 250 App. Div. 809; *Matter of Lowndes* v. *Connolly*, 264 App. Div. 806.) II. The word " person ", as used in section 288 of the Civil Practice Act, does not include the State of New York. (*Saranac Land & Timber Co.* v. *Roberts*, 195 N. Y. 303; *Matter of Fox*, 52 N. Y. 530; *United States* v. *Fox*, 94 U. S. 315; *McBride* v. *Board of Comrs. of Pierce Co.*, 44 F. 17; *Bloede Co.* v. *Devine Co.*, 211 App. Div. 180.)

FULD, J. The issue here presented is whether an officer or agent of the state or of a state agency may be examined as a witness before trial, under the conditions specified in section 288 of the Civil Practice Act, in an action to which neither state, state agency nor such officer or agent is a party. Both courts below — with one justice dissenting in the Appellate Division — have concluded that the statute affords no authority for such examination.

Section 288, besides permitting the pretrial examination of any party at the instance of any other party, provides for the taking of the testimony before trial, as a witness, " of any other person, which is material and necessary, where such person

\* \* \* resides at a greater distance from the place of trial than one hundred miles, \* \* \* or other special circumstances render it proper that his deposition should be taken.'' Specifically, the issue is whether the words, '' any other person,'' embrace an officer or agent of the state.

The City of Buffalo brought this action for a declaratory judgment, seeking a determination that defendants are required, by reason of certain contracts with the city, to make extensive alterations of an existing bridge in that city, in connection with reconstruction incident to the building of the new Buffalo to New York City Thruway. Defendants have answered, denying any liability with respect to the rebuilding of the bridge, and pleading six separate affirmative defenses. Included among those defenses are the claims (1) that, under Article XII-B of the Highway Law, the expense of the reconstruction entailed in the building of the new Thruway, including the alteration of the bridge in question, is to be borne by the state and (2) that the state is in the process of reconstructing other bridges in connection with the Thruway project at its own expense.

Asserting that it is material and necessary to their defense to take the deposition before trial, as a witness, of Bertram D. Tallamy, State Superintendent of Public Works and Chairman of the New York State Thruway Authority, or of one of his subordinates having knowledge of the facts, defendants moved for an order directing the taking of such deposition, pursuant to section 288. Neither the state, the State Thruway Authority, nor Mr. Tallamy, is a party to the action. Mr. Tallamy, however, was permitted to appear in opposition, and Special Term denied the motion solely on the ground that there was no statutory authority for taking such a deposition. As noted, the Appellate Division affirmed on the same ground, without determining whether the examination sought would otherwise be warranted. Defendants have appealed to this court, by leave of the Appellate Division, upon a certified question.

It must be recognized at the outset that there appears to be no principle of testimonial privilege or basic consideration of policy exempting any officer or agent of the state from the duty to give such testimony as may be required in a duly held judicial investigation. (See *United States* v. *Burr*, 25 Fed. Cas. No. 14,

692d, pp. 34–35, per MARSHALL, Ch. J.; *Thompson* v. *German Valley R. R. Co.,* 22 N. J. Eq. 111, 113; 8 Wigmore on Evidence [3d ed., 1940], §§ 2369, 2370; see, also, *Crosby* v. *Pacific S.S. Lines,* 133 F. 2d 470, certiorari denied 319 U. S. 752; *Zimmerman* v. *Poindexter,* 74 F. Supp. 933.)[1] Indeed, there seems no doubt that defendants will be able to subpœna Mr. Tallamy as a witness at the trial proper and to require him to produce in court, pursuant to a subpœna duces tecum, any documents or records in his possession, relevant to the issues and not of a privileged nature. (Cf. Civ. Prac. Act, § 414; Rules Civ. Prac., rule 162.)

Literally, and on their face, the words, "any other person," in section 288 encompass any individual other than a party, whether that individual happens to be a public official or a private person. It is urged, however, that the examination here sought is in effect that of a state agency, and on that premise reliance is placed on statements to be found in the decisions that "the word person does not, in its ordinary or legal signification, embrace a State or government". (See *Matter of Fox,* 52 N. Y. 530, 535, affd. *sub. nom. United States* v. *Fox,* 94 U. S. 315; *Saranac Land & Timber Co.* v. *Roberts,* 195 N. Y. 303, 323; see, also, General Construction Law, § 37.) The canon of construction thus invoked is usually phrased in terms of a presumption that "statutes which in general terms divest preexisting rights or privileges will not be applied to the sovereign without express words to that effect." (See *United States* v. *Mine Workers,* 330 U. S. 258, 272–273; *United States* v. *Herron,* 20 Wall. [U. S.] 251, 263; *People* v. *Herkimer,* 4 Cow. 345, 348.) There are, on the other hand, indications that that canon serves, not as an inflexible rule of construction, but rather as one available signpost to legislative intent or design. (Cf. *Ohio* v. *Helvering,* 292 U. S. 360, 370; *Helvering* v. *Stockholms Enskilda Bank,* 293 U. S. 84, 92–93; *United States* v. *California,* 297 U. S. 175, 186; *State of Indiana* v. *Woram,* 6 Hill 33, 38.) We need not, however, here determine the exact nature or

---

1. We are not here concerned with the effect of a duly promulgated regulation of a government department attempting to immunize records or documents of the particular department from the reach of a subpœna duces tecum. (Cf. *United States ex rel. Touhy* v. *Ragen,* 340 U. S. 462; *Duncan* v. *Cammell, Laird & Co.,* [1942] A. C. 624.)

force of the canon in question, since the impact of the statute in the present case falls, not on the state, but on an individual officer or agent thereof, and there is no showing that the proposed application of the statute will seriously prejudice the state.

It has thus been observed that " the rule of exclusion of the sovereign is less stringently applied where the operation of the law is upon the agents or servants of the government rather than on the sovereign itself." (*Nardone* v. *United States,* 302 U. S. 379, 383.) And a number of persuasive decisions are at hand in which legislation, worded in general terms, has been interpreted as applying to public officers and agents, as well as to private persons, where there was no evidence of any legislative purpose to restrict the scope of the statute in this respect. (See *Nardone* v. *United States, supra,* 302 U. S. 379; *United States* v. *Arizona,* 295 U. S. 174; see, also, *Dollar Sav. Bank* v. *United States,* 19 Wall. [U. S.] 227, 239.) In the *Nardone* case (*supra,* 302 U. S. 379), the point at issue was whether the prohibition against wire tapping, imposed by the Federal Communications Act of 1934 upon any " person not being authorized by the sender ", embraced federal agents engaged in the detection of crime. In holding that federal agents *were* included within the ambit of the Act's term, " person," the Supreme Court emphasized that the operation of the statute was not on the sovereign, but on its agents. Similarly, in *United States* v. *Arizona* (*supra,* 295 U. S. 174), a federal statute, prohibiting the erection of dams or other structures upon navigable waters without the consent of Congress, was construed as being applicable to acts of the Secretary of the Interior of the United States, as well as to work undertaken by private parties. In language that could well fit the case before us, the Supreme Court declared (p. 184): " The measures adopted for the enforcement of the prescribed rule are in general terms and purport to be applicable to all. No valid reason has been or can be suggested why they should apply to private persons and not to federal and state officers. There is no presumption that regulatory and disciplinary measures do not extend to such officers. Taken at face value the language indicates the purpose of Congress to govern conduct of its own officers and employees as well as that of others. *Donnelley* v. *United States,* 276 U. S. 505, 516."

Moreover, whatever objections might be urged on the score of semantics against including the state within the term, " person ", such considerations present no obstacle as respects application of that term to an individual officer or agent of the state.

It is, however, further urged — and the majority of the Appellate Division so held — that the interpretation of the word " person " in section 288 is necessarily controlled by the construction which has previously been given to the word " party " in the same section. It has, indeed, been consistently held that the general provisions of section 288, authorizing a party to take the deposition before trial of " any other party," cannot, in and of themselves, be read as subjecting a municipal corporation to such examination. (See *Davidson* v. *City of New York,* 221 N. Y. 487; *Bush Term. Co.* v. *City of New York,* 259 N. Y. 509; *Kasitch* v. *City of Albany,* 283 N. Y. 622; *Rucker* v. *Board of Educ. of City of N. Y.,* 284 N. Y. 346.) To overcome the effect of those cases, it was necessary to enact legislation explicitly authorizing the examination before trial, as a party, of a municipal or public corporation (Civ. Prac. Act, § 292-a, as added by L. 1941, ch. 921, and amd. by L. 1942, ch. 830).[2]

Those decisions, however, were an outgrowth of early rulings which construed the provisions for pretrial examination of " a party " as authorizing the examination only of a party personally, and not of a party's agent or employee, thereby excluding the examination of any corporate party in the absence of explicit provision therefor. (See *People* v. *Mutual Gas Light Co.,* 74 N. Y. 434; *Boorman* v. *Atlantic & Pacific R. R. Co.,* 78 N. Y. 599; *Uvalde Asphalt Paving Co.* v. *City of New York,* 149 App. Div. 491, 492–493.) On the other hand, insofar as section 288 permits the pretrial examination of " any * * * person " other than a party as a witness, there is no basis or warrant for concluding that the statute does not apply to an officer, agent or employee of such an entity as a corporation, or the state or any civil subdivision thereof. There

2. A similar amendment was enacted to the Court of Claims Act (§ 17, subd. 2, as added by L. 1939, ch. 860), authorizing the examination before trial of an officer or employee of the state in proceedings pending against the state in the Court of Claims.

is a settled distinction between the examination of a party and the examination of " any other person " as a witness before trial. It was thus pointed out in *McGowan* v. *Eastman,* 271 N. Y. 195, 198, that, even though a corporate party may not be examined before trial *as an adverse party* through a former agent or employee, no longer affiliated with the corporation, such a former agent or employee may, nevertheless, be individually examined *as a witness* before trial, if the facts necessary for the examination of a witness otherwise appear.

The value of pretrial examination, as an aid to the conduct and disposition of litigation, has been amply demonstrated by experience. There has, particularly in recent years, been a distinct trend, reflected in legislative pronouncement, in court rule and in judicial decision, towards the extension and greater liberalization of the provisions for such examination. (See Saxe, Civil Remedies and Procedure, 27 N. Y. U. L. Rev. 1201.) Courts should not strain to limit the availability of such an important remedy, by narrowly circumscribing the reach of words so inclusive as " any * * * person," whose very generality bespeaks a legislative design that the provision be accorded a very broad content. Of exceeding significance is the consideration that the " testimonial duty to disclose knowledge needed in judicial investigation " is essentially one that rests upon all persons alike, upon public officers and agents, as well as upon private individuals. (See 8 Wigmore, *op. cit.,* p. 737; see, also, *United States* v. *Burr, supra,* 25 Fed. Cas. No. 14, 692d; *Thompson* v. *German Valley R. R. Co., supra,* 22 N. J. Eq. 111, 113.)

The incidental inconvenience that our interpretation may occasion to public officials and employees cannot justify the blanket denial of pretrial examination of such persons. Any question of undue oppression or annoyance may be dealt with, as it may arise in individual cases, by the courts of first instance. Some protection against abuse is afforded by the limitation, contained in section 300 of the Civil Practice Act, that a resident witness other than a party may be examined only in the county where he resides or has an office for the regular transaction of business.

It is, consequently, our conclusion that the courts below had power to order the examination of Mr. Tallamy — or of one of his subordinates — before trial as a witness. The orders of those courts must, accordingly, be reversed. The Appellate Division, however, has not yet determined whether defendants have otherwise shown the facts prescribed by the statute as a condition precedent to such examination, or whether the requested examination should be allowed. There must, therefore, be a remission to the Appellate Division to enable it to pass upon those questions. (See *Great Northern Tel. Co.* v. *Yokohama Specie Bank*, 297 N. Y. 135; see, also, Cohen and Karger, Powers of the New York Court of Appeals, § 90.)

The orders should be reversed, and the case remitted to the Appellate Division for further proceedings not inconsistent with the opinion herein, with costs to abide the event. The question certified should be answered in the negative.

LEWIS, Ch. J., CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Orders reversed, etc.