THE PEOPLE OF THE STATE OF NEW YORK ex rel. PORT PETROLEUM CORPORATION, Respondent, against ATLANTIC COAST TERMINALS, INC., Appellant.

Third Department, July 9, 1956.

*Lawrence R. Condon, John R. Lazenby, F. Walter Bliss* and *Warner M. Bouck* for appellant.

*Jacob K. Javits, Attorney-General* (*Edward L. Bookstein* of counsel), for respondent.

ZELLER, J. The sole issue on this appeal is whether the State of New York, when plaintiff in an action in Supreme Court, may be required, through its officers and agents, to submit to an examination before trial requested by the defendant. This action was brought by the State pursuant to section 138 of the Public Lands Law to vacate and annul letters patent previously granted by the State to defendant-appellant's predecessor in title. In conformity with section 1203 of the Civil Practice Act, the title of this action indicates that it has been brought upon relation of Port Petroleum Corporation but this does not change the fact that the State is the plaintiff seeking affirmative relief because of an alleged mistake of fact.

Section 288 of the Civil Practice Act authorizes a party to take by deposition before trial the testimony of " any other party ". The forerunner of this section was early construed as authorizing the pretrial examination only of a party in person and to exclude such examination of a party's agent or employee. (*People* v. *Mutual Gas Light Co.*, 74 N. Y. 434; *Boorman* v. *Atlantic & Pacific R. R. Co.*, 78 N. Y. 599.) Hence, there could be no examination of a corporate party. This interpretation prompted the enactment of what is now section 289 of the Civil Practice Act which provides that the testimony of a corporation or association may be taken by examining one or more of its officers, directors, agents or employees.

For many years it was consistently held that the portions of section 288 permitting a party to examine before trial " any other party " did not authorize the examination of a municipal corporation. (*Davidson* v. *City of New York*, 221 N. Y. 487 [1917]; *Bush Term. Co.* v. *City of New York*, 259 N. Y. 509 [1932]; *Kasitch* v. *City of Albany*, 283 N. Y. 622 [1940]; *Rucker* v. *Board of Educ.*, 284 N. Y. 346 [1940].) In 1941 section 292-a of the Civil Practice Act was added (L. 1941, ch. 921) which authorizes the court to order the taking by deposition of the testimony of officers, agents and employees of public corporations.

In *Friedman* v. *State of New York* (250 App. Div. 809) it was held that section 288 did not permit the examination before trial of employees or agents of the State in a claim pending in the Court of Claims. Shortly thereafter, the Legislature empowered the court to order such examination. (Court of Claims Act, § 17, subd. 2, as added by L. 1939, ch. 860.)

The only reported case in which a party in a Supreme Court action sought to examine the agents and employees of the State, where it was the adverse party, resulted in a denial of the

motion. Mr. Justice FOSTER, sitting at Special Term in 1943, predicated the denial upon the ground that the Legislature had not given its permission for an examination before trial of State employees in an action pending in the Supreme Court brought by a State agency. (*Commissioners of State Ins. Fund* v. *Lapidus,* 182 Misc. 368.)

Thus, the history of the decisions shows that a very conservative construction has been put on the portion of section 288 which authorizes a party to take the testimony before trial of " any other party ". In several instances, legislation has enlarged the scope of the section but there has been no legislation authorizing the examination of the State through its officers and employees when the State is a party plaintiff. In the absence of such legislation, we are constrained to hold that authority does not exist to direct the examination here sought.

In addition to permitting the examination before trial of a party at the request of any other party, section 288 authorizes a party to take pretrial testimony from " any other person, which is material and necessary, where such person is about to depart from the state, or is without the state, or resides at a greater distance from the place of trial than one hundred miles, or is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial, or other special circumstances render it proper that his deposition should be taken ". This provision is broad enough to permit the pretrial examination of an officer and employee of the State in an action in which the State is not a party for the reason that the impact of the provision falls not upon the State but upon the individual officer and employee and such officer and employee is literally " any other person ". (*City of Buffalo* v. *Hanna Furnace Corp.,* 305 N. Y. 369.)

Defendant-appellant argues that if the court lacks the power to direct the examination of the individuals named in the moving papers as employees of the State it can order their examination as witnesses because of the existence of special circumstances. Two reasons exist why this should not be done. First, there is nothing in the notice of motion or affidavit in support of the motion to indicate that appellant seeks to examine the individuals as witnesses rather than as employees of a party and Special Term correctly treated the motion as one in which an examination was sought of " the plaintiff, the State of New York, through its employees ". Secondly, appellant should not be allowed to do by indirection what it is not authorized by law to do directly. In the *City of Buffalo* case (*supra*), the indi-

vidual sought to be examined was, in truth, a witness and not an agent or employee of a party. Here, no matter how designated, the individuals the appellant seeks to examine before trial are employees of plaintiff, the State of New York.

The distinction between the pretrial examination of a party and the examination of " any other person " as a witness before trial may seem finely drawn. Nevertheless, as pointed out by the Court of Appeals in the *City of Buffalo* case, it is a " settled distinction " (*supra*, pp. 376, 377). We may not disregard it.

The order should be affirmed.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Order affirmed, with $10 costs.