Irving H. Saypol, J.
By memorandum opinion (N. Y. L. J., Dec. 11, 1956, p. 6, col. 7) the plaintiff’s motion for examination before trial of the defendant was qualifiedly denied with the *201 suggestion to proceed on notice in the light of rule XI of the Trial Term Rules, Supreme Court, New York County. Counsel for the defendant now brings section 292-a of the Civil Practice Act (added by L. 1941, ch. 921, eff. May 1, 1941, as amd. by L. 1942, ch. 830, eff. Sept. 1, 1942), to the attention of the court. According to its provisions where a public corporation is a party, its examination may be had by order on motion. That section was enacted and later amended on the recommendation of the Judicial Council. In its Eighth Annual Report (1942) it recommended further extension as to public corporations so as to afford unlimited areas of inquiry. Originally it was restricted in scope to operation of public utilities. It was said in the report at page 375 that the order procedure was suggested “ To protect municipal corporations against any undue burden, the proposed amendment leaves the granting of the examination entirely to the discretion of the court in each instance Coincidentally, section 292 of the Civil Practice Act, of general application, alternatively permits a party to proceed by motion and order instead of proceeding by notice as is provided in section 290 of the Civil Practice Act.
Nevertheless the Appellate Division of this department has clearly indicated in particular detail in the adoption of rule XI of the Trial Term Rules, New York County Supreme Court Rules (promulgated March 10, 1954, eff. April 1, 1954), a preferred course which should be followed in getting these examinations. It has prescribed in the preamble and in its 11 subdivisions a way of cutting through all the needless and timewasting morass of picayune hairsplitting often encountered in these deposition proceedings. For the benefit of court and counsel as stated in the preamble and in subdivision 11, it is a rule for guidance in the disposition of motions made with respect to examinations before trial of adverse parties pursuant to article 29 of the Civil Practice Act. And the Appellate Division has laid down in subdivision 9 that the notice procedure is the preferred way as against the motion.
In deciding the instant motion on that basis the court did not overlook what is now suggested as being a conflicting statutory mandate. Nor is it likely that the Appellate Division overlooked sections 292 and 292-a in promulgating rule XI. As a practical and sensible approach I see it as I said in my opinion as much better for counsel to go at these matters between themselves before they bring the matter to court for decision. That necessity for judicial resolution in this field will always exist is too obvious to discuss. But an enlightened experience on the basis of express provisions of law and reported precedents and text *202 guidance can resolve and eliminate much of what up to now has been presented to courts. Furthermore, as was suggested in the opinion, a good deal of these controverted details usually disappear in the course of the examination. So if the proceeding is on notice, necessary rulings may then be had. Usually in that way the expeditious determination which is the concomitant of informality is thereby had. That does not overlook the likelihood that in a proper case circumstances may require a motion in the first instance. The need for flexibility is recognized in subdivision 11 of rule XI. It may not thereby be suggested that such a course amounts to judicial repeal of the pertinent sections of the Civil Practice Act.
In short and in summary, in the expanding field of examination before trial, in its extension and liberalization (cf. City of Buffalo v. Banna Furnace Corp., 305 N. Y. 369, 377) it is better for court and counsel, if possible, to proceed on notice in the first instance.