George **SHELLEY**, Plaintiff,

v.

THE **MACCABEES**, Emile A. Haar, David A. Hersh, Robert E. Morris, R. R. Twogood, R. L. Kester, L. F. Ayer, C. Robert Young, A. F. Devine and Joseph A. Navarre, Defendants.

Civ. No. 20123.

United States District Court
E. D. New York.
March 16, 1961.

See also 191 F.Supp. 742; 26 F.R.D. 395.

Manning, Hollinger & Shea, New York City, for plaintiff.

Watters & Donovan, New York City, for defendants. John P. Walsh, Jay Goldberg, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., of New York, for New York State Ins. Dept. Herbert J. Wallenstein, Asst. Atty. Gen. of New York, of counsel.

BRUCHHAUSEN, Chief Judge.

The Attorney General of the State of New York moves to vacate and quash a subpœna addressed to Samuel Sharfstein of the New York State Insurance De-partment, calling upon him to testify by deposition and produce certain documents, books and records in the possession of the said Department, not a party to this action, in connection with its report on examination of the agency operations and affairs of the plaintiff herein named.

An examination of the plaintiff's agency operations was commenced in July 1958 by Samuel Sharfstein, an associate insurance examiner of the said Department, pursuant to order of the Superintendent of Insurance. The said report was duly acknowledged by Mr. Sharfstein on June 30, 1959. Pursuant to Insurance Law, § 30, the Superintendent of Insurance, prior to adopting the report, delivered copies thereof to the parties to this action. Objections have been filed by all interested parties and hearings thereon are presently being conducted. The said report has not yet been adopted nor filed for public inspection. The Insurance Department claims governmental privilege as to oral examination of Mr. Sharfstein and production of all writings and correspondence.

In City of Buffalo v. Hanna Furnace Corp., 305 N.Y. 369, at page 373, 113 N. E.2d 520, at page 522, the Court held:

"It must be recognized at the outset that there appears to be no principle of testimonial privilege or basic consideration of policy exempting any officer or agent of the state from the duty to give such testimony as may be required in a duly held judicial investigation." See also cases cited therein.

The main issue before the court is not whether the state examiner may be examined before trial, but what documents, if any, should be produced. The movant, the defendant, by the subpoena duces tecum demands the production of the said report on examination of the plaintiff and all work sheets, schedules, memoranda, originals and copies of any records, papers or documents and originals and copies of all correspondence and

communications between the parties made prior to the preparation of the final report.

The defendant cites City of Buffalo v. Hanna Furnace Corp., 305 N.Y. 369, 113 N.E.2d 520 for his sweeping proposition demanding oral disposition and production of these documents. It is true that the witness may be subpoenaed for oral testimony. However, the Court in the said case further holds that only documents or records relevant to the issues and not of a privileged nature are subject to production. The defendant cites Matter of Egan, 205 N.Y. 147, 98 N.E. 467, 41 L.R.A.,N.S., 280 as authority for the production of records in the possession of the governmental agency. That case is distinguishable in that a statute authorized a full inspection of all records.

In the case at bar, the defendant is entitled to the production of the final report on examination. All other documents, work sheets, memoranda, etc., are pure work products of the State Insurance Department used to compile data for preparation of the final report. Such matter is confidential, privileged and not subject to production by subpoena. These preliminary memoranda and reports are strictly limited to the use and convenience of the State agency and are not of a public nature.

The witness Samuel Sharfstein is required to appear for oral examination and to produce the said report on examination, item 1 in the schedule attached to the subpoena, but he is not required to produce any of the other documents described in the said schedule.

Apparently the defendant seeks the attendance of Mr. Sharfstein at the examination for the purpose of identification of the report on examination as well as the aforementioned "other documents." Now that this Court has ruled that such "other documents" are privileged, oral testimony pertaining to them would not be competent.

Settle order on 5 days' notice.