Hon. Gerald Stern Administrator Commission on Judicial Conduct
Hon. Stuart A. Summit Counsel Commission on Judicial Nomination
This is in response to your letter of February 15, 1979 wherein you request my opinion as to "whether the Commission on Judicial Conduct may comply with a request by the Commission on Judicial Nomination for all information that the Commission on Judicial Conduct has with respect to named judges, who are being considered by the Commission on Judicial Nomination for a judicial position on the Court of Appeals."
The subsidiary question posed is whether "the authority of the Commission on Judicial Nomination to obtain information [is] limited by the confidentiality requirement imposed on the Commission on Judicial Conduct by section 45 of the Judiciary Law."
Judiciary Law, § 45 provides that "[e]xcept as hereinafter provided, all complaints, correspondence, commission proceedings and transcripts thereof, other papers and data and records of the commission shall be confidential and shall not be made available to any person * * *." (Emphasis supplied.) The Commission on Judicial Nomination has authority to "[r]equire from any court * * * commission, or other agency of the state or political subdivision thereof * * * such assistance, information and data, as will enable it properly to evaluate the qualifications of candidates, subject to any absolute judicial or executive privilege, where one exists" (Judiciary Law, § 64[3]) (emphasis supplied).
The issue presented is whether Judiciary Law, § 45 constitutes a limitation on the powers of the Commission on Judicial Nomination. Its resolution necessarily involves a determination as to whether the Commission on Judicial Nomination is a "person" within the intent and meaning of Judiciary Law, § 45.
It has long been held that "[t]he word person does not, in its ordinary or legal significance, embrace a State or government * * *" (In re Fox,52 N.Y. 530, 535 [1873]).
General Construction Law, § 37 provides that "[t]he term person includes a corporation and a joint-stock association. When used to designate a party whose property may be the subject of any offense, the term person also includes the state, or any other state, government or country which may lawfully own property in the state." Its predecessor (Statutory Construction Law, § 5 [Laws of 1892, ch. 677]) was construed in Saranac Land and Timber Co. v Roberts, (195 N.Y. 303 [1909]) where it was held that the State is not a "person" within the meaning of a statute unless the statute relates to any of its property which may be the subject of an offense (195 N Y at 323).
Most pertinent to your inquiry is the Court's holding that "[i]f the forest commission could be regarded as in the actual possession for the state of the lands granted, there would be the same difficulty in the applicability of the statute. It is no more `a person' than is the state, within its intendment" (id).
Thus, there is precedent for finding that both the State Commission on Judicial Conduct and the Commission on Judicial Nomination are "no more `a person' than is the state" (see Matter of the Temporary Commission ofInvestigation of the State of New York [Coffey], N.Y.L.J., March 6, 1979, p. 6, col. 3 [Supreme Court, New York County]).
True it is that General Construction Law, § 110 provides that "[t]his chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter". Courts have construed certain statutes, which on their face apply to persons, as embracing the State (e.g. Cityof Buffalo v Hanna Furnace Corp., 305 N.Y. 369 [1953]).
I have, however, after examination of the pertinent statutes involved, concluded that the Commission on Judicial Nomination is not a person within the intendment of Judiciary Law, § 45.
The constitutional provisions establishing the Commission on Judicial Nomination (Article 6, § 2, subd. [c]) and the Commission on Judicial Conduct (id, § 22) do not deal with confidentiality. It is a matter of procedure left to the Legislature (id, §§ 2[c], 22[c]).
The Commission on Judicial Nomination serves a high governmental purpose, viz., to consider and evaluate the qualifications of candidates for appointment to the offices of Chief Judge and Associate Judge of the Court of Appeals and to recommend candidates for appointment to such offices to the Governor (Judiciary Law, § 63). It has investigatory powers (id, § 64[2]) and the section 64(3) powers aforementioned. It has its own confidentiality requirements (id, § 66), and the same protections against breach of confidentiality as has the Commission on Judicial Conduct (id, §§ 46, 67). While the recommendations transmitted to the Governor are to be released to the public by the Commission at the time they are submitted to the Governor (id, § 63[3]), the statute clearly states that "[n]o person shall be recommended to the governor who has not consented to be a candidate * * *" (id,
§ 63[4]) thus affording the candidate a significant element of control. Furthermore, Judiciary Law, § 66, subd. 2 provides that the Governor and the Senate shall have access to all papers and information only, however, as to persons recommended by the Commission or appointed by the Governor.
I also note that Judiciary Law, § 46, relating to the breach of confidentiality of information of the Commission on Judicial Conduct, is applicable to staff members, employees or agents of the Commission. It does not, apparently, deal with any action that the Commission itself might take in releasing the required information to the Commission on Judicial Nomination.
The powers and responsibilities of the Commission on Judicial Conduct and the Commission on Judicial Nomination as framed by chapter 156 of the Laws of 1978 are, in this instance, in my opinion, complementary. While the Commission on Judicial Nomination is not bound by the express provisions of Judiciary Law, § 45, I suggest that its spirit nevertheless be adhered to as closely as possible. This is especially significant since, pursuant to judiciary Law, § 66, information in the files of the Commission on Judicial Nomination is not protected for Penal Law, Article 210 (perjury or related offenses) purposes. Thus, I urge that the Commission on Judicial Nomination continue its practice of obtaining waivers of the privilege of confidentiality from candidates for recommendation for appointment. I also urge that, in releasing confidential material to the Commission on Judicial Nomination, the Commission on Judicial Conduct delete therefrom the identity of any person other than the subject judge or complainant as suggested by the provisions of Judiciary Law, § 45.
In answer to your specific inquiry, I advise you that the Commission on Judicial Conduct may, subject to the caveats that I have set forth, comply with a request by the Commission on Judicial Nomination for all information that the Commission on Judicial Conduct has with respect to named judges, who are being considered by the Commission on Judicial Nomination for a judicial position on the Court of Appeals unless the same is subject to absolute judicial or executive privilege.