OPINION OF THE COURT
Ira J. Raab, J.
Busy litigation law firms should hire additional attorneys to handle the volume of attorney-noticed oral depositions, rather than burden the courts and counsel by forcing opponents to make motions for "court-ordered” depositions.
In this breach of contract action, the defendant’s attorneys, a firm with 21 attorneys listed on its letterhead, served a notice to take deposition upon oral examination, pursuant to CPLR 3107, upon the plaintiffs attorneys, a firm with 3 attorneys listed on its letterhead, for an oral deposition to be held at the courthouse on a date and time set forth in the notice.
The plaintiffs attorneys promptly served a cross notice to take deposition upon oral examination, pursuant to CPLR *994 3107, noticed for and to follow at the same time and place as noticed by defendant’s attorneys.
Plaintiff now moves this court asking that the court issue an order setting the date for the depositions, claiming "that these Examinations will not take place unless and until they are court-ordered by the Court”, because without a court order, the defendant’s attorneys will not go forward with the noticed oral examinations.
Defendant’s attorneys submit an affirmation in partial support of the motion, claiming that "this office handles a great number of examinations before trial each day it conducts business”, and further, that because of this huge volume of business it can only handle "court-ordered” depositions. Thus, on days when attorney-noticed depositions are scheduled, there are also court-ordered depositions, which "take precedence over non-court ordered depositions.”
This type of legal practice is a tremendous waste of time for the court at the taxpayers’ expense, and for opposing counsel.
Each day, the courts of this State handle hundreds of motions caused by the inability of counsel to obtain an attorney-noticed oral deposition because of the claim by busy law firms that they can only handle "court-ordered” depositions, which somehow take priority. This self-imposed priority is nothing more than an excuse to avoid hiring the number of attorneys necessary to handle the volume of business that such firms take on. If they cannot handle the volume of business with the staff that they have, they should take on fewer cases.
Not only does this practice create a burden on the already overburdened court system, it also creates a burden on the single practitioner and small law firm who clear a calendar date for the deposition, only to have the deposition adjourned at the last minute, usually in the afternoon of the day before the scheduled deposition, because the other attorney has court-ordered depositions that "take precedence”.
This chaotic system feeds upon itself. The more attorneys force opponents to seek and obtain court orders for oral depositions, the greater becomes the volume of the priority depositions. This undermines the purpose and spirit of CPLR 3102 (b), which states: "Unless otherwise provided by the civil practice law and rules or by the court, disclosure shall be obtained by stipulation or on notice without leave of the court” (Emphasis supplied.)
What this practice does, in effect, is to change CPLR 3102 (b) so as to require all depositions to be by court order, rather *995 than on notice, if their opponents ever want to proceed with the cases. The depositions would be adjourned indefinitely, or until the opponents "make a motion”.
At least one court held that it is preferred to proceed on notice in the first instance as against a motion for examination. (Martin v City of New York, 5 Misc 2d 200 [Sup Ct, NY County 1956].) However, that case was before 8A orders, before preliminary conference orders, and before the current congestion of the civil courts in our modern litigious society.
This problem does not arise as much in the Supreme and County Courts, where 22 NYCRR 202.12 (c) (2) requires preliminary conferences which result in preliminary conference orders (which used to be called "8A orders”) where the attorneys appear in court and establish timetables for the completion of all discovery schedules which are then "So Ordered” by the court.
This problem does arise in the District Court and in the New York City Civil Court, where preliminary conferences are not the order of the day. The time has come for the court administrators to set up a modified preliminary conference system in the lower courts.
In the meantime, this court must resolve the issues on hand. The court directs that counsel appear in Civil Part 1 of the District Court, on March 21, 1997, at 11:00 a.m., for a conference to establish a timetable for the completion of the oral depositions and any other outstanding discovery matters.
The court also directs that the defendant pay to the plaintiff $50 as costs on the motion.
The continuation of this practice may well justify the award of sanctions in the future.