Harold E. Koreman, J.
Petitioner seeks an order in this article 78 proceeding permitting it to initiate disclosure proceedings by way of discovery and inspection and an examination before trial of the respondent, J. Burch MeMorran, as Superintendent of Public Works of the State of New York, as well as an examination before trial of subordinates and employees of the Superintendent of Public Works.
The respondent Superintendent of Public Works contends that this motion should be denied since petitioner has no right to the relief sought in the article 78 proceeding. In other words, respondent's position is that petitioner is not entitled to the disclosure sought here because this is not a proper case for the granting of an order in the nature of mandamus. This is the sole ground urged by the Attorney-General for dismissal of this motion which is made pursuant to the provisions of 3101 (subd. [a], par. [1]) of the Civil Practice Law and Rules. Since the question of the propriety of the main proceeding and of petitioner’s right to maintain it has already been passed upon and determined, the court may not now pass upon the same question.
At a Special Term of this court, held on July 12, 1963, Mr. Justice Russell Hunt denied respondent’s motion to dismiss the petition as a matter of law, holding that petitioner had the right to maintain this proceeding in the nature of mandamus, and that the petition was not insufficient. No appeal was taken by respondents from this decision, and answers have been filed by respondents, to which petitioner has replied. At this stage of the proceedings, the only question before the court is whether disclosure may be had of respondent Superintendent of Public Works. Although neither petitioner nor respondent Superintendent of Public Works has touched upon this point, in order to arrive at a determination of this question, the applicability of the provisions of 3101 (subd. [a], par. [1]) of the Civil Practice Law and Rules to the State, or one of its agencies or officers, must be considered.
It is well settled in this State that an agency of the State is not subject to discovery and inspection or to pretrial examination in the absence of express statutory authorization. (Carey v. Standard Brands, 12 A D 2d 233, affd. 12 N Y 2d 855; People ex rel. Port Petroleum Corp. v. Atlantic Coast Terms., 2 A D 2d 153; Commissioners of State Ins. Fund v. Lapidus, 182 Misc. *1021 368; Matter of Waterfront Comm. v. Marchitto, 26 Misc 2d 767; Connolly v. O’Malley, 17 A D 2d 609.)
The rule, enunciated in People ex rel. Port Petroleum Corp. v. Atlantic Coast Terms, (supra), and in Carey v. Standard Brands (supra), both Third Department cases, is controlling on this motion. Despite the fact that the authorities have emphasized repeatedly that an examination before trial of the State of New York as a party in Supreme Court cannot be had in the absence of express legislative enactment, we find that after the repeal of the Civil Practice Act and the enactment of the Civil Practice Law and Rules, there is still no statutory authorization permitting such a pretrial examination of the State. Accordingly, petitioner’s motion is denied.