Birdie Amsterdam, J.
Plaintiff, the State of New York, pursuant to CPLR 3101 and 3103 moves for a protective order to vacate the notices of examination before trial served by several of the defendants in this antitrust action, under the Donnelly Act (General Business Law, art. 22).
The question presented for determination is whether the enactment of the CPLR effected a change in the scope of pretrial disclosure proceedings so as to allow the pretrial examination of the State. A secondary question presented, which would require determination if an affirmative answer were to be given to the first query posed, is whether, assuming that the State is subject to pretrial examination generally, as are other parties in most actions, any restriction thereon would arise out of the nature of this action.
The rules on this subject, effective prior to the enactment of the CPLR were clear. The State and its officers in actions in which the State was a party were not subject to pretrial examination absent specific statutory authorization therefor. (See Carey v. Standard Brands, 12 A D 2d 233, affd. 12 N Y 2d 855; *760 People ex rel. Port Petroleum v. Atlantic Coast Terms., 2 A D 2d 153.) Subsequent to the enactment of the CPLR, the same rule was held effective in Matter of Broad Props. v. McMorran (42 Misc 2d 1019) and State of New York v. Sutton (N. Y. L. J., Nov. 10, 1964, p. 17, col. 7): This view has been criticized by some of the commentators in the field (see “ The Biannual Survey of New York Practice ”, 39 St. John’s L. Rev. 178, 216; Survey of New York Law, 32 N. Y. U. L. Rev. 1066, 1070; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.26). However, the criticism of this view contained in the St. John’s Law Review note above cited, and in Weinstein-Korn-Miller, are based, in part, upon reference to the Third Preliminary Report of the Advisory Committee on Practice and Procedure (N. Y. Legis. Doc., 1959, No. 17, p. 390), wherein the commentators state that that committee, in recommending the enactment of present CPLR 1303 indicated that the State should be treated the same as any other party. The precise language of the committee should be noted. At page 388 of that report, discussing those sections relating to actions or proceedings by the State, the committee specifically stated that “No changes in substance have been made ”, and the comments to present CPLR 1303 relate, primarily, to joinder of causes. Where the committee did want to provide for disclosure proceedings in such actions, it did so specifically, or, at least referred to the problem. (See pp. 402, 406 of the report.) Accordingly, search must be had elsewhere for proof of the Legislature’s intent to extend to the State susceptibility to pretrial proceedings. This court does not find in the Third Report the “ strong ” indication that a change in the prior law was being promulgated. The Legislature and the draftsmen of the CPLR are presumed, of course, to have been aware of the Carey ease (supra). As no substantial change in language was effected in this area, the Legislature, by incorporating within the CPLR the same ‘ ‘ language used in the earlier act, must be deemed to have adopted also the interpretation of the legislative intent decided by this court, and to have made that construction a part of the re-enactment ”. (Matter of Scheftel, 275 N. Y. 135, 141-142; Matter of Trosk v. Cohen, 262 N. Y. 430, 436.) Specific provision was made by the Legislature governing disclosure in proceedings in the Court of Claims. (CPLR 3102, subd. [f].) Di Santo v. State of New York (22 A D 2d 289) is based upon and distinguishable by its reference to that section. City of Buffalo v. Hanna Furnace Corp. (305 N. Y. 369) decided prior to Carey (supra) concerned the examination of State officers or employees in actions where the State was not a party, and is not controlling herein, for, as the court *761 therein noted, the onus of that examination lay “ not on the state, but on an individual officer * * * [for] there is no showing [that the state] * * * win seriously [be] prejudice[d] ” (p. 375).
Accordingly the motion is granted, and the notices vacated.