Irving H. Saypol, J.
The over-all question to be answered in this group of motions in an action brought by the Attorney-General in the name of the State involves the application and operative effect of CPLR’s disclosure provisions (CPLR art. 31) to Donnelly Act civil suits (General Business Law, art. 22) to enjoin monopolistic business practices and to impose penalties (General Business Law, § 342-a). Autonomous and independent creatures of the State, the State University Construction Fund and the State Dormitory Authority are alleged to be the victims of concerted boycotting by the defendants in the course of competitive bidding for construction contracts. The defendants are said to foster and promote illegally, separate contracts for their separate trades such as plumbers, electricians, etc., as distinguished from a single general contract in which various trades must deal as subcontractors with the accepted general contractor.
Preliminary to institution of this action, as corollary to which there could also be criminal prosecution, the Attorney-General investigated and hailed in the defendants and took their sworn testimony. One codefendant, Murphy, moves for a copy of his testimony before answering the complaint (CPLR 3101, subd. [e]) and an extension of his time to answer until after he gets his “statement”, Other defendants have proceeded *35 by notice to obtain disclosure — examination before trial and extensive discovery of documents. To this, the Attorney-General counters here with four motions for protective orders (CPLR 3103, subd. [a]). lie argues in a broad range that on the one hand the State is in no event subject to disclosure under CPLR (Carey v. Standard Brands, 12 A D 2d 233, affd. 12 N Y 2d 855; State of New York v. Boar's Head Provisions Co., 46 Misc 2d 759; State of New York v. Keith Sutton, Supreme Ct. Nassau County, Index No. 5196-1964, Sept. 30, 1964). At the other extreme, if the State be now considered subject to disclosure under CPLR as distinguished from the practice under section 288 of the former Civil Practice Act, he attacks the absence of a showing of special circumstances (CPLR 3101, subd. [a], par. [4]) to warrant, in discretion, examination of the alleged independent authorities alleged to be the victims of the charged nefarious acts. In this vein, assuming the State now to be subject to CPLR disclosure, nevertheless the preaction testimony in the investigation is sought to be distinguished from the statement which a party may have under CPLR 3101 (subd. [e]).
The defendants are completely on the other side. They say in this civil action in which the State is plaintiff that the practice is controlled by CPLR 1303 (former Civ. Prac. Act, § 1206) which provides that the procedure in an action brought by the State shall be the same as in an action brought by a private person. (State of New York v. Master Plumbers Assn. of City of Syracuse, Supreme Ct., Onondaga County, Caedamone, J., Aug. 4, 1965, refusing a protective order and granting complete disclosure, a bill of particulars, etc.; State of New York v. Associated Bldg. Contractors of Triple Cities, Supreme Ct., Broome County, May 29, 1965, Lee, J., directing the plaintiff to furnish their statements to the individual defendants and to the corporate defendants the statements of officers, etc.; State of New York v. E. J. Korvette, Inc., Civil Ct. of City of N. Y., Index No. 1044-1965, Salottolo, J., May 20, 1965, denying the plaintiff’s motion for a protective order and directing service of a copy of the testimony of the defendant’s employees.) Mr. Justice Spectoe at Special Term of this court, on the plaintiff’s motion in this action for a protective order against the disclosure notice of the codefendant Duke, after reviewing some of the cited decisions, acting in discretion, allowed the defendant his statement and limited discovery but denied pretrial examination. In the background of conflicting decisions, his disposition was limited to his own case.
*36 In my view, limited disclosure is available in these cases under CPLR, but in a strictly circumscribed discretion. In this very case, Mr. Justice Hofstadter was affirmed by the Appellate Division on granting a bill of particulars (State of New York v. Biggane, N. Y. L. J., April 5, 1965, p. 16, col. 3 [Supreme Ct., New York County], affd. 24 A D 2d 705). Preceding the latter affirmance, in one of a series of motions in People v. Anaconda Wire & Cable Co. (19 A D 2d 868) where the defendants had been allowed examinations before trial of a witness (New York City Tr. Auth.) in reversing, the Appellate Division in its memorandum stated, in part; ‘ ‘ Respondents have failed to establish special circumstances. (CPLR, § 3101, subd. [a], par. [4].) ” The notice had been given under the then effective Civil Practice Act provisions but the order was reviewed after CPLR became effective. Evidently these two illustrations — allowance of a bill of particulars and denial of disclosure against the State on the cited authority of CPLR indicate the court’s recognition of its controlling effect. But the court has expressly said (Nomako v. Ashton, 20 A D 2d 331, 333, 334) that ‘ ‘ Even under the liberalized Civil Practice Law and Rules, however, pretrial examination should still be limited ‘ in certain kinds of actions where experience indicates a risk that the examination will be unduly burdensome to one or more parties ’ (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.14) ”. So, the court continues (Nomako, supra), that in certain types of actions, viz., matrimonial, stockholders’ derivative and other representative actions, even under CPLR, the burden should be placed upon the party seeking the examination and a protective order denying the examination should issue unless the burden is satisfied. The generalization of actions to which this rule should be applied, says the court in Nomako (supra) cannot easily be laid down nor should any generalization be applied absolutely.
This Donnelly type of case fits into the foregoing pattern. The suit is in the common name and good, the interest sought to be vindicated in no event proprietary. It might be envisioned quasi-criminal. (United States v. Deere & Co., 9 F. R. D., 523.) Parenthetically, this decision is not founded upon any precedents in litigation in the Court of Claims, as to which CPLR 3102 (subd. [f]) expressly affords disclosure but only on order. Nevertheless, the rationale in such a case (Zara Contr. Co. v. State of New York, 22 A D 2d 415, 417) applies here. Zara sued in the Court of Claims for moneys due under a highway contract. It was indicted for crimes arising out of the contract. The Appellate Division, Third Department, per *37 Gibson, J., held the public interest in the criminal prosecution to be of superior weight. So the paramount interest here is the elimination of alleged restrictive trade practices, coincidentally operating on agencies created by the State.
On the foregoing reasoning the defendants have not met the burden of showing the need nor have they shown special circumstances warranting pretrial examination of witnesses. Additionally, their discovery demands lack the specificity required by CPLR 3120 and are deemed burdensome. (Coffey v. Orbachs, Inc., 22 A D 2d 317, 320, citing Rios v. Donovan, 21 A D 2d 409.)
Considering the nature of the case, that is, that in the main the defendants do have direct knowledge of their activities in the charged field which are the basis for the allegations of the complaint, founded upon investigation as it is, as distinguished from independent viewpoints of participants in a controversy, there is no harm in the defendants having their testimony. True, as the Attorney-General argues, in criminal prosecution the defendant’s Grand Jury testimony is generally unavailable to him. But by a parity of reasoning, as suggested by the majority of the Appellate Division of this Department in the Matter of Hentz & Co. v. Lefkowitz (22 A D 2d 475, affd. without opn. 16 N Y 2d 544) regarding the unrestricted right to counsel in the Martin Act (General Business Law, art. 23-A investigation, the Attorney-General having allowed some counsel participation in the instant investigation, the prescribed secrecy is to that extent eliminated. In Hentz (supra), having been permitted counsel by the Attorney-General, as a matter of his practice, despite the confidential nature of the proceeding, the petitioner was held free to make his own choice of counsel. The statutory obligation for preservation of secrecy was not thereby violated. By the same token, beyond the proper needs of these defendants and their counsel for the testimonial statements of the defendants, the protective restraints with criminal sanctions for violation remain effective and presumably will be obeyed.