■ EDWARD W. SMITH, Appellant, v. NICHOLAS ROBILOTTO, as President of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America Independent — Team Drivers' Local Union No. 294, et al., Respondents.— STALEY, JR., J. Appeal by plaintiff from an order of Special Term, Albany County, which granted defendant's motion for a protective order, and vacated plaintiff's notices for examination before trial. The action was commenced on November 30, 1964. The plaintiff, a member of the defendant union, in his amended complaint, dated April 16, 1965, asks for damages as the result of an alleged illegal and improper disciplinary hearing by the defendant, an unincorporated association. The complaint also asks for judgment reversing the determination of the defendant dated October 3, 1964, and directing that he be recognized as a member in good standing of the union, and that the defendant cease and desist from all actions in derogation of his rights as a member of the union. On June 24, 1964, charges were brought against the plaintiff by some members of the defendant union alleging a violation of his oath of loyalty to the union. These charges were served upon the plaintiff on July 14, 1964, and a hearing was held by the defendant's executive board on August 12, 1964. On October 3, 1964, he was found guilty of the charges, fined $100, and was barred from holding any elective office, and from attending any of the meetings of the union for two years. An appeal was made by plaintiff from this determination to Joint Council No. 18 which modified the decision on April 29, 1965, but a subsequent appeal to the Teamsters International General Executive Board resulted in the reinstatement of the decision of the defendant on September 22, 1965. On June 29, 1965, the plaintiff served two notices for examination before trial in which he sought to examine the president and treasurer of the defendant union, and several members of the union. On August 10, 1965, the defendant brought this motion for a protective order which motion was granted. The case has not yet been noticed for trial. The defendant objects to the examination before trial on the grounds that Edmund Ray is no longer an officer of the defendant; that the parties had entered into a stipulation on December 5, 1964, wherein the plaintiff agreed to proceed to trial immediately, and place the case on the January 1965 Equity Calendar, and thereby waived his rights to an examination before trial, and that the depositions of all of the members of the executive board of the defendant union are not necessary. Special Term, in granting the motion for a protective order, concluded that the complaint was patently bad, since the plaintiff had not exhausted his administrative remedies prior to the commencement of the action. Four months having elapsed from the date of the hearing on the charges, the plaintiff's action was not premature. (U. S. Code, tit. 29, § 411, subd. [a], par. [4].) The stipulation entered into on December 5, 1964 had no effect after the subsequent amendment of the complaint, and service of an amended answer, and cannot be relied upon to constitute a waiver of the right to an examination before trial. CPLR 3101 (subd. [a], par. [1]) authorizes the examination of an officer or member of a party. The examination of the persons named in the notices, including Edmund Ray, he being a member of the union, is, therefore, permissible unless the plaintiff is otherwise precluded from obtaining such examinations. The scope of disclosure is limited, however, to all evidence *material and necessary* in the prosecution or defense of an action. (CPLR 3101, subd. [a].) Although the notices of examination before trial need not enumerate the matters upon which the persons named are to be examined (CPLR 3107), the party seeking the examination must show the materiality and necessity for the examination on a motion for a protective order (CPLR 3101, subd. [a]), particularly where the

order is sought on the ground that the examinations are not necessary. This action, although in form against two named officers, is really against the association itself. (*Rankin* v. *Killion*, 190 Misc. 26, affd. 273 App. Div. 946; General Associations Law, art. 3.) Article 3 of the General Associations Law in effect changed the procedure in an action against an unincorporated association for convenience purposes with the result that the procedure in such actions is similar to an action against a corporation. CPLR 3101 should be considered in this manner, and the same rules followed in examinations of corporations should be applied in actions against unincorporated associations. The defendant should, therefore, first be examined through one of its officers. Order modified, on the law and the facts, so as to permit the examination of Nicholas Robilotto, as President of the Union, and, as so modified, affirmed, without costs, upon condition, however, that the examination be concluded within 60 days from the date of the entry of the order to be entered hereon; failing which defendants may move to vacate the notice. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur with Staley, Jr., J.