In the Matter of Louis A. Buttroni, Appellant, *v.* Putnam County Civil Service Commission et al., Respondents. New York State Civil Service Commission, Respondent.

Second Department, April 1, 1968.

*Leonard E. Golditch* for appellant.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for New York State Civil Service Commission, respondent.

BENJAMIN, J.   The issue in this appeal is the availability of discovery and inspection against the State of New York in an action to which it is not a party.

Petitioner brought this proceeding pursuant to article 78 of the CPLR against the Putnam County Civil Service Commission and the Town Board of the Town of Carmel to compel his certification and payment of salary as a Lieutenant of the Police Department of the Town of Carmel.   He moved to compel the State Civil Service Commission, a nonparty, to produce certain papers for discovery and inspection.   This appeal is from the denial of that motion.

Prior to the 1966 amendment of CPLR 3120 by the Judicial Conference, the disclosure device of discovery and inspection was unavailable against a nonparty (see *Avila Fabrics* v. *152 West 36th St. Corp.,* 22 A D 2d 238).   Subdivision (b) of CPLR 3120 as then amended (eff. Sept. 1, 1966) permits discovery and inspection, by court order, as to a " person not a party " to an action. The word " person " does not ordinarily,without a statutory basis therefor, include the State (see General Construction Law, § 37; *Saranac Land & Timber Co.* v. *Roberts,* 195 N. Y. 303; *Matter of Fox,* 52 N. Y. 530).

Prior to the enactment of the CPLR, disclosure was not available against the State in any proceeding in which the State was a party, in any court in New York (*Schmiedel* v. *State of New York*, 14 A D 2d 33; *Carey* v. *Standard Brands*, 12 A D 2d 233, affd. on another ground 12 N Y 2d 855). With the enactment of the CPLR (L. 1962, ch. 308), subdivision (f) of CPLR 3102 thereof, as it then read, stated: " In an action in the court of claims, disclosure may be obtained only by order of that court." It was thereafter held that it had been intended that the disclosure devices be available against the State in actions in the Court of Claims (*Di Santo* v. *State of New York*, 22 A D 2d 289). As to the application of these devices against the State as a party in actions in courts other than the Court of Claims, a split developed (*State of New York* v. *Boar's Head Provision Co.*, 46 Misc 2d 759 [disclosure not available in Supreme Court]; *State of New York* v. *Master Plumbers Assn. of City of Syracuse*, 47 Misc 2d 187 [disclosure available in Supreme Court]).

The Judicial Conference submitted a proposal to the Legislature to amend subdivision (f) to allow disclosure, by court order, against the State, " in any other court in which the state is properly a party * * * as if the state were a private person " (Eleventh Annual Report of N. Y. Judicial Conference, 1966, p. 208). The proposal passed the Legislature but was vetoed by the Governor solely on the ground that interrogatories and requests for admissions would then be available against the State (see McKinney's Cons. Laws of N. Y., Book 7B, 1966 Supplementary Practice Commentary to CPLR 3102).

A resubmitted version satisfying the Governor's objection was enacted into law, effective July 1, 1967 (L. 1967, ch. 638). Subdivision (f) of CPLR 3102 now provides: " In an action in which the state is properly a party, whether as plaintiff, defendant or otherwise, disclosure by the state shall be available as if the state were a private person, except that it may be obtained only by order of the court in which the action is pending and except further that it may not include interrogatories or requests for admissions."

In adopting the current subdivision (f), the Legislature had the opportunity to extend the disclosure article to treat the State as all others. It chose not to do so. With respect to its right to obtain disclosure, the State may make full use of the disclosure provisions of the CPLR against both parties and nonparties, but with respect to its obligation to disclose, the State is now treated as a private person solely (1) when it is properly a party in an action, (2) when the court in which such action is pending directs disclosure and (3) to the extent

that a limited number of disclosure devices are available against it.

In applying a rule adopted by the Judicial Conference, this court cannot do so in a manner inconsistent with statute or so as to abridge or enlarge substantive rights of any party (cf. Judiciary Law, § 229, subd. 3; CPLR 102). To subject the State to discovery and inspection when a nonparty to an action, by holding that the State is a person within the purview of subdivision (b) of CPLR 3120, would result in an inconsistency with the disclosure statute and particularly with subdivision (f) of CPLR 3102 thereof, which latter provision manifests the intent that the State be treated as all others for purposes of disclosure solely where it has specifically divested itself of immunity therefrom.

The motion was properly denied and the order under review should be affirmed, without costs.

BELDOCK, P. J., BRENNAN, RABIN and HOPKINS, JJ., concur.

Order affirmed, without costs.