Gibson, J.
The issue for determination was tendered by the refusal of appellant, the State.Department of Health, to produce certain documentary evidence for use in a slander action to which it is not a party. The evidence is sought in support of the defense of truth pleaded in the action.
The slander complained of included statements allegedly made by defendants, both of whom are physicians, that plaintiff, also a physician, was a narcotics addict. As relevant to their defense of truth, defendants sought the production from the department’s files of a number of narcotics prescriptions issued by plaintiff to his housekeeper. 'Defendants have established by the housekeeper that she did not use narcotics; that the doctor, her employer, issued the prescriptions solély for his own benefit; and that, at his direction, she had them filled at a number of pharmacies and in each case delivered to him the drugs thus obtained. Special Term granted defendants’ application, which, incidentally, was not resisted by the plaintiff. Upon appeal by the department, the Appellate Division unanimously affirmed and subsequently granted leave to appeal upon a certified question.
The department contends, first, that it is immune from disclosure in an action to which it is not a party, this because the State is not a “ person ” within the terms of CPLR 3120 (subd. [b]) dealing with discovery and production and providing, so far as here pertinent, that: “A person not a party may be directed by order to do whatever a party may be directed to do under subdivision (a).” Second, asserts appellant, the prescriptions are confidential, under section 3334 of the Public Health Law. Each of the contentions advanced by appellant was properly rejected by the courts below.
The extremely narrow definition of “ person ’’for which appellant contends was once sought to be applied to the same term as used in section 288 of .the Civil Practice Act, which, after authorizing the pretrial examination of a “party”, provided for taking the pretrial deposition “ of any other person ”, under *66 certain conditions then enumerated. Thus, in City of Buffalo v. Hanna Furnace Corp. (305 N. Y. 369) defendants’ application for an order to take the deposition before trial of the person who was both the State Superintendent of Public Works and the Chairman of the New York State Thruway Authority was resisted by that officer on the ground that neither he, the Authority nor the State itself was a party to the action and that the word “ person ” did not in its “ ordinary or legal signification ” (p. 374) or upon consideration of the construction previously given the word “party” in the same section (p. 376) embrace the State or a State officer. This contention was sustained at Special Term and at the Appellate Division, but the Court of Appeals rejected it, Judge Fuld, as he then was, writing for the court (p. 377) that: “ Courts should not strain to limit the availability of such an important remedy, by narrowly circumscribing the reach of words so inclusive as ‘ any * * * person, ’ whose very generality bespeaks a legislative design that the provision be accorded a very broad content. Of exceeding significance is the consideration that the ‘ testimonial duty to disclose knowledge needed in judicial investigation ’ is essentially one that rests upon all persons alike, upon public officers and agents, as well as upon private individuals.” Certainly, the Civil Practice Act provision (§ 288) with respect to testimony of a “ party ” and of “ any other person ” is closely parallel to that of CPLR 3120 (subd. [b]) as to a “ person not a party”.; and it follows that City of Buffalo (supra) is completely apposite to the case at bar. Appellant urges, nevertheless, a distinction on the basis of the rationale of Matter of Butironi v. Putnam County Civ. Serv. Comm. (29 A D 2d 474) which, however, we find unpersuasive. In that case the Appellate Division compared CPLR 3120 (subd. [b]), providing, in part, that one ‘ ‘ not a party may be directed by order to do whatever a party may be directed to do ’ ’, with CPLR 3102 (subd. [f]), providing, in part, that “ [i]n an action in which the state is properly a party * * * disclosure by the state shall be available as if the state were a private person ”. The Appellate Division noted that under subdivision (f) as originally adopted it had not been clear whether disclosure devices were available against the State, as a party, in actions in courts other than the Court of Claims and that subdivision *67 (f) had been amended (L. 1967, ch. 638) to provide that they would be. Proceeding with its comparison of the two CPLR provisions, the court found controlling in respect of its decision in Bytironi the circumstance that although subdivision (f) of CPLR 3102 was thus amended, the provisions of subdivision (b) of CPLR 3120 were not at the same time broadened so as expressly to permit disclosure proceedings against the State as a witness. Thus, said the court (p. 476): “In adopting the current subdivision (f), the Legislature had the opportunity to extend the disclosure article to treat the State as all others. It chose not to do so.” This rationale failed to take into account the fact that (in City of Buffalo, 305 N. Y. 369, supra) it had been decided, long before the 1967 amendment to CPLR 3102 (subd. [f]), that under section 288 of the Civil Practice Act the State could be examined as a witness. This, of course, was known to the Legislature and to the Judicial Conference and the failure of either to take any action seems not to bear the significance attributed to it by the Butironi court but, rather, to point in a quite different direction. (And see McLaughlin, Civil Practice, 20 Syracuse L. Rev. 449, 481; Practice Commentaries by David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3102, pp. 270-271.)
The second ground urged by appellant in opposition to discovery is the supposed confidentiality of the prescriptions. It is true that under" subdivision 1 of section 3334 of the Public Health Law prescriptions shall be open for inspection only to certain designated enforcement officers and that under subdivision 2 of the same section no officer shall divulge knowledge of any such prescription, except in a judicial or administrative proceeding to which the person to whom such prescription relates is a party. Implicit in appellant’s reliance upon these statutory provisions is the unacceptable premise that the term “ prescription ” as thus employed, and as defined in subdivision 32 of section 3301 of the Public Health Law, encompasses sham or bogus prescriptions. Ho such intent can be ascribed to the Legislature. Indeed, appellant’s own regulation explicitly establishes the contrary (10 NYCRR 80.26).
The order appealed from should be affirmed, without costs, and the certified question answered in the affirmative.
*68 Chief Judge Fuld and Judges Bubke, Scileppi, Bergan, Breitel and Jasen concur.
Order affirmed, etc.