■ The People of the State of New York by Louis J. Lefkowitz, Attorney-General of the State of New York, Appellant, v. Volkswagen of America, Inc., Respondent.— Order, Supreme Court, New York County, entered October 17, 1972, following upon the granting of a motion to reargue, unanimously reversed, on the law and in the exercise of discretion, and the motion for disclosure denied. Appellant shall recover of respondent $40 costs and disbursements of this appeal. Plaintiff, the People of the State of New York, by the Attorney-General, brought this action under article 22-A of the General Business Law, to enjoin alleged deceptive acts and practices on the part of defendant, Volkswagen of America, Inc. (VOA) for restitution, and to recover a penalty for such practices as alleged. Defendant sought disclosure pursuant to CPLR 3102 (subd. [f]) which permits disclosure in an action to which the State is a party. Its application was granted and this appeal was taken by the Attorney-General on behalf of the People of the State of New York. It should be noted that the Attorney-General is not a party plaintiff. Plaintiffs are the People and the Attorney-General as the People's attorney sues in their behalf in a protective capacity. The statute expressly provides, in part, "Whenever the attorney general shall believe from evidence satisfactory to him that any person, firm, corporation or association or agent or employee thereof has engaged in or is about to engage in any of the acts or practices stated to be unlawful he may bring an action *in the name and on behalf of* the people of the state of New York" (Italics supplied). (General Business Law, § 349, subd. [b].) The practice complained of, false advertising, is against the public policy of the State. The gravamen of the People's case is the misrepresentation of the depreciation figure. The acts complained of are alleged to be to the injury and detriment of the People. Individual names of persons who might have suffered injury are not relevant or of significance at this stage of the proceedings. (Cf. *People* v. *Federated Radio Corp.*, 244 N. Y. 33.) Moreover, it does not appear that such persons are not equally available for interrogation of defendant, or that information as to the practices complained of is not presently contained in its own files. Such names and addresses as are in plaintiff's possession would have been obtained as a result of its investigation and may fairly be characterized as its work product for impending litigation. Defendant would not be entitled to such information. (See *Urbina* v. *McLain*, 4 A D 2d 589; *Parker* v. *New York Tel. Co.*, 24 A D 2d 1067.) It does not appear that defendant has made any independent effort to investigate the circumstances but seeks entirely to benefit from plaintiff's efforts. No special or unusual circumstances are shown to warrant granting the relief sought (cf. *Parker* v. *New York Tel.*

*Co., supra*, p. 1068). As heretofore stated the order appealed from is reversed. Concur— Stevens, P. J., Markewich, Nunez, Steuer and Capozzoli, JJ.