■ In the Matter of NAPATCO, INC., Appellant, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent.—Order, Supreme Court, New York County, entered November 9, 1976, which denied petitioner's motion to quash a subpoena duces tecum, reversed, on the law, without costs and without disbursements, and motion granted. The Attorney-General, pursuant to his powers under subdivision 12 of section 63 of the Executive Law, served a subpoena duces tecum upon appellant Napatco. The subpoena required Napatco to appear for examination before the

Attorney-General with virtually all of its records. Raymond Lee, Napatco's president, submitted an affidavit in support of the motion to quash. He stated that the appellant rendered general services to attorneys in the trade-mark and copyright fields. He further averred that the patent searches and other tasks performed by appellant were normally discharged by laymen and that those services, in no way, constituted the practice of law. Lee also emphasized that there was no indication that any attorney had filed a complaint that appellant was improperly practicing law (Judiciary Law, § 495, subd 1). Likewise, he stressed that there was no charge extant that appellant had appropriated any invention, idea or other property. In short, Lee claimed the subpoena was part of a fishing expedition. In an opposing affidavit, an Assistant Attorney-General stated that the current investigation arose out of respondent's investigation in a related field, viz., the invention development business. He further alleged that a perusal of Napatco's promotional material indicated it was preparing patent applications and otherwise unlawfully practicing law in New York State. Additionally, he believed that appellant, rather than the general practitioner, was directly hiring patent attorneys and other specialists for the effectuation of the subject services. At the outset, it should be observed that the practice of law by a corporation is an illegal, fraudulent activity that the Attorney-General should investigate under subdivision 12 of section 63 of the Executive Law. However, there must be some factual basis to support the issuance of the subpoena. (*Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 258.) In these papers, the Attorney-General has not shown any wrongdoing or even a claim to any Bar Association of any wrongdoing on the part of the appellant. The subpoena was apparently issued on the basis of mere suspicion after appellant's promotional material was given a very unfavorable interpretation by the respondent. Absent any factual showing that the appellant was engaged in the practice of law, the lower court should have granted the motion to quash respondent's subpoena. Concur—Murphy, P. J., Kupferman and Markewich, JJ.; Lupiano, J., dissents in the following memorandum: The subpoena duces tecum served on petitioner, a New York corporation, by the Attorney-General, calls for the production of books, records or documents showing, *inter alia,* the names and addresses of petitioner's officers, stockholders and clients, and of patent attorneys, agents, nonclerical and technical personnel employed by or connected with petitioner. Issued pursuant to subdivision 12 of section 63 of the Executive Law, the subpoena is being utilized by the Attorney-General in his investigation to determine whether petitioner is engaged in the unlawful practice of law (Judiciary Law, § 495). Subdivision 1 of section 495 of the Judiciary Law provides, *inter alia:* "No corporation * * * shall * * * (d) furnish attorneys or counsel, nor (e) render legal services of any kind in actions or proceedings of any nature or in any other way or manner". This prohibition is quite broad and is based on the rationale that the intervention of a corporation into the attorney-client relationship interferes with the fiduciary obligations an attorney owes to his client (*Matter of Co-operative Law Co.,* 198 NY 479; *Matter of Tuthill,* 256 App Div 539; *People v Peoples Trust Co.,* 180 App Div 494). It appears that petitioner, Napatco, Inc., is in the business of furnishing patent attorneys and agents to general practice attorneys. Petitioner contends that its client, the general practice attorney, advises his own client, in turn, as to retention of the patent or specialized attorney. Petitioner in seeking to quash the subpoena claims that the information requested is irrelevant to the investigation and is too broad. It is well recognized that "upon a preliminary motion, such as the present, to

contest 'the obligation of the writ,' [the Attorney-General] need only show that the records and books which he seeks bear 'a reasonable relation to the subject-matter under investigation and to the public purpose to be achieved.' *(Carlisle v. Bennett,* 268 N. Y. 212, 217.) He does not, it is true, have 'arbitrary and unbridled discretion as to the scope of his investigation' *(Carlisle v. Bennett,* 268 N. Y. 212, 217, *supra),* but, unless the subpoena calls for 'documents which are utterly irrelevant to any proper inquiry' *(Matter of Dairymen's League Co-op. Assn. v. Murtagh,* 274 App. Div. 591, 595, affd. 299 N. Y. 634) or its 'futility * * * to uncover anything legitimate is inevitable or obvious', the courts will be slow to strike it down. *(Matter of Edge Ho Holding Corp.,* 256 N. Y. 374, 382; see, also, *Matter of Broadway Maintenance Corp. v. Grumet,* 9 N Y 2d 719; *Matter of Joint Legis. Committee [Teachers Union],* 285 N. Y. 1, 9.) As this court stated in the *Edge Ho Holding Corp.* case (256 N. Y., at pp. 381–382), 'Investigation will be paralyzed if arguments as to materiality or relevance, however appropriate at the hearing, are to be transferred upon a doubtful showing to the stage of a preliminary contest as to the obligation of the writ" *(Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y.,* 10 NY2d 192, 196–197; see *Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.,* 30 AD2d 47, affd 23 NY2d 916). Clearly, the instant subpoena is "reasonably related" to the subject of the investigation and does not call for the production of "utterly irrelevant" documents. The information sought by the subpoena is necessary to determine who is actually performing legal work and the manner of payment for such work. It appears that petitioner collects one fee from its client and then disburses moneys to the persons with whom it has contracted to do the work. The spectre of "fee-splitting" or "kick-backs" imbues these circumstances and warrants an informed determination. To permit petitioner as one suspected of an illegal act to thwart the investigation now being undertaken by the Attorney-General by the simple expedient of declaring that it is not engaged in that illegal act would render impotent the subpoena powers given to investigative and law enforcement bodies. It is also noteworthy that subdivision 1 of section 476-a of the Judiciary Law specifically authorized the Attorney-General to "maintain an action *upon his own information* or upon the complaint of a private person or of a bar association * * * against any * * * corporation * * * who commits any act or engages in any conduct prohibited by law as constituting the unlawful practice of the law" (emphasis supplied). In view of the public policy clearly inherent in the prohibition of the unlawful practice of law, the precedent cited above and under the circumstances herein, there is no justification for quashing the subject subpoena. The order of the Supreme Court, New York County, entered November 9, 1976, denying petitioner's motion to quash the subpoena duces tecum, should be affirmed.