■ In the Matter of RAYMOND LEE ORGANIZATION, INC., Appellant, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent.—Judgment (denominated order), Supreme Court, New York County, entered August 5, 1977, denying petitioner's motion to quash a nonjudicial subpoena duces tecum issued by the Attorney-General, and directing petitioner to comply therewith, is unanimously modified, on the law and the facts, and in the exercise of discretion, so as to grant said motion to quash to the extent only of limiting Items Nos. 1, 2 and 3 of the subpoena to the period from January 1, 1976, and limiting Item No. 4 of the subpoena to the last full year (either calendar or fiscal) for which petitioner has records, and petitioner is directed to comply with said subpoena within 10 days after service upon petitioner by respondent of a copy of this order with notice of entry and the judgment is otherwise affirmed, without costs and without disbursements. The record and the subpoena in the present case differ from those in *Matter of Napatco, Inc. v Lefkowitz* (57 AD2d 742). Unlike *Napatco,* the present record shows that there has been a trial on fraud charges before the Federal Trade Commission; the California Attorney General has made such charges; the Better Business Bureau has made charges; the New York State Bar Association has forwarded its file with respect to Napatco (a company related to petitioner) for further investigation and appropriate action; and apparently the New York County Lawyers' Association had begun investigation but decided to drop it in view of the Federal Trade Commission's action. These factors more than meet the "not very demanding" *(Matter of Sussman v New York State Organized Crime Task Force,* 39 NY2d 227, 231), preconditions to the issuance of office subpoenas by the Attorney-General. "All that is required", even in the case of investigation by local agencies, "is that the scope of the subpoena and the basis for its issuance be more than isolated or rare complaints by disgruntled customers". *(Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 258.) Relevancy of the items has been established within the required standard, i.e., " 'reasonable relation to the subject-matter under investigation and to the public purpose to be achieved' " *(Matter of Sussman v New York State Organized Crime Task Force, supra,* p 231, quoted with approval in *Matter of Windsor Park Nursing Home v Hynes,* 42 NY2d 243, 246). Furthermore, in the *Napatco* case, the subpoena required the petitioner to produce "virtually all of its records." *(Matter of Napatco, Inc. v Lefkowitz, supra,* p 743.) The present subpoena is more limited, and we have limited it still further. Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.