OPINION OF THE COURT
Bentley Kassal, J.
facts
This is an action by the Attorney-General to enjoin the defendant from engaging in the unlawful practice of law or furnishing attorneys in violation of the Judiciary Law. Defendant is a self-styled "invention developer” which "helps inventors exploit their inventions financially and charges a fee for its services”. There is a long history of investigations of this defendant by the Attorney-General, dating back to 1974, and the Attorney-General is engaged in litigation or investigation of defendant and other invention developers with respect to "possible or claimed violations of New York Statutes”.
While the papers submitted on this motion contained an extensive discussion of the history of the litigation between the parties, including several other actions and proceedings, one must not lose sight of the fact that the key issues in the present action are fairly simple and straightforward.
Both parties have submitted extremely lengthy affidavits, *877 which are for the most part irrelevant to the present action and the issues presented by this motion. Nor have they submitted much in the way of relevant case law. Rather, they seem impelled to employ inflammatory rhetoric and apparent animosity in tossing accusations at each other. This heated relationship, involving the Assistant Attorney-General, the defendant and its attorney, has produced the instant motion.
DISCLOSURE PROCEEDINGS SOUGHT
In the instant motion, defendant seeks leave pursuant to CPLR 3102 (subd [f]) to take the deposition of the Assistant Attorney-General prosecuting this matter, "on Federal Constitutional grounds” to afford "defendant procedural due process as well as the equal protection of the laws”. CPLR 3102 (subd [f]) granting disclosure of the State provides that it may only be obtained by court order.
ISSUE
Does CPLR 3102 (subd [f]) provide an absolute right to disclosure against the State or its agencies/officials in all actions or proceedings or is there a limitation depending upon the specific capacity in which the State operates?
LAW
It cannot be disputed that where the State appears as a normal party, as when it sues or is sued in its proprietary (or ministerial) capacity (whether it be for negligence, breach of contract, etc.), it may be deposed under the same standards, as are applicable to a private party. (Kaplan v Kaplan, 31 NY2d 63.) This is specifically recognized by CPLR 3102 (subd [f]).
Here, however, though nominally a party plaintiff, the Attorney-General is acting in his governmental (or discretionary) capacity under sections 476-a and 476-b of the Judiciary Law to enforce the laws of this State on behalf of its citizens. In fact, the relief sought by the complaint is an order enjoining and restraining the defendant from violating section 495 (subd 1, pars [d], [e]) of the Judiciary Law, which sections, as enacted in 1965, were derived from section 280 of the Penal Law of 1909. As stated by Mr. Justice Irving Saypol in State of New York v Biggane (48 Misc 2d 33, 36, affd 24 AD2d 705), a proceeding, such as this, may be seen as quasi-criminal and, thus, the nature of the proceedings must override the usual *878 litigation considerations so that limited disclosure may be available under the CPLR, but only within the "strictly circumscribed discretion” of the court and upon the showing of special or unusual circumstances. (See, also, People v Volkswagen of Amer., 41 AD2d 827.)
In general, discovery is allowed by CPLR 3101 only if the information sought is "material and necessary” and will have the effect of "sharpening the issues and reducing delay and prolixity” (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406). In the instant case, the exhaustive list of facts which defendant hopes to ascertain by deposing the Assistant Attorney-General would do little, if anything, to clarify the issues and would certainly cause delay. The complaint alleges very simply that defendant has entered into approximately 10,000 contracts under which, inter alia, it retains and furnishes patent attorneys for its clients, and pays these attorneys exclusively and directly. It charges that these acts are in violation of the New York Judiciary Law, which makes it illegal for corporations to "furnish attorneys or counsel” (Judiciary Law, § 495, subd 1, par [d]) or "render legal services of any kind in actions or proceedings of any nature or in any other way or manner” (Judiciary Law, § 495, subd 1, par [e]).
DECISION
Defendant makes sweeping allegations of mass inquisitorial practices on the part of the Assistant Attorney-General, conducted at the behest of the patent bar, and demands to depose him on this subject. Defendant claims in several instances to be "entitled to” know the responses to certain "massive” questionnaires, which it alleges plaintiff mailed out to defendant’s clients. It also seeks to know the nature and number of what it claims to be unlimited interviews conducted by plaintiff.
Aside from questions of materiality or necessity, the results of any questionnaires or interviews by plaintiff are clearly material prepared for litigation, and thus not discoverable "unless the court finds that it can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship”. (CPLR 3101, subd [d].) Discovery of the names of complainants and content of complaints concerning unlawful business practices are denied absent a showing of unusual circumstances (People v Bestline Prods., 41 NY2d 887; State of New York v Bridgehampton Rd. *879 Races Corp., 44 AD2d 725, 726), especially as here, where the defendant has evinced no effort to gather information himself. (People v Volkswagen of Amer., 41 AD2d 827, supra.)
In a case such as this, the discovery sought here would be available only if the allegations were very broad, the factual issues complex, and there was a lack of material available to the defendant. However, the charges in the present case are narrow and clear cut — the complaint is pleaded with particularity and the facts relevant and necessary to refute them can be gathered with little effort and are presumably in defendant’s own possession or available to it. Defendant has shown neither that it lacks access to its own clients and the attorneys allegedly retained by them on behalf of these clients nor any unusual or changed circumstances which would make it unjust to deny discovery of the product of plaintiffs research. Under the circumstances herein, it would be an abuse of discretion to grant the discovery sought. (People v Bestline Prods., supra.)
In view of all the facts herein, no showing has been made as to such special circumstances to persuade the court that the Attorney-General should be deposed herein in his official conduct on behalf of the State of New York when it operates in its uniquely governmental (as distinguished from proprietary) capacity.
Motion is denied.