■ In the Matter of the RAYMOND LEE ORGANIZATION, INC., Appellant, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent.—Judgment, Supreme Court, New York County, entered January 5, 1978, denying a motion to quash a nonjudicial subpoena duces tecum and granting a cross motion to compel compliance with the subpoena, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent only of limiting Item No. 1 to the period from October 7, 1976, and petitioner is directed to comply with the subpoena, as modified, within 10 days after service upon petitioner by respondent of a copy of this order with notice of entry, and the judgment is otherwise affirmed, without costs and without disbursements. The Attorney-General began an investigation of the petitioner to determine if it was in violation of section 50 of the Civil Rights Law in that it used the name, portrait or

picture of any living person without prior consent. In furtherance of the investigation, a subpoena duces tecum was served upon petitioner requesting the production of: "Copies of all literature, brochures, documents, advertisements and other promotional material used by RLO [Raymond Lee Organization] for the purpose of advertising the company's services and which contain the names, portraits or pictures of any living persons not employed by RLO; * * * All written consents of any such persons to the use of their names, portraits or pictures for RLO's advertising purpose; and * * * All revocations of such written consents by such persons". It is to be noted that in July, 1977 an Administrative Law Judge of the Federal Trade Commission found petitioner to be engaged in the unauthorized use of pictures and correspondence. In addition, it was found that at least one individual's request that his letter not be used by petitioner was not honored. The proceeding against petitioner by the Federal Trade Commission, together with the unheeded request made of petitioner by an individual, demonstrates that the Attorney-General has adequate basis for the issuance of its subpoena and, other than the limitation we have imposed,* compliance with the subpoena as issued is warranted (see *Matter of Lee Organization v Lefkowitz,* 60 AD2d 806, and cases cited therein). Concur—Lupiano, J. P., Silverman, Evans, Lane and Sandler, JJ.

---

* While the Attorney-General claims that he only intended the subpoena to be directed to materials used from October 7, 1976, the subpoena itself is unlimited as to the scope of time involved. Without such time limitation, the subpoena in the case at bar would be too broad.