Louis J. Lefkowitz, as Attorney-General of the State of New York, Respondent, v Raymond Lee Organization, Inc., Appellant.—Order, Supreme Court, New York County, entered March 2, 1978, affirmed without costs and without disbursements. (See CPLR 3102, subd [f].) Order, Supreme Court, New York County, entered April 25, 1978, "which order denied

defendant's motion to strike plaintiff's interrogatories," unanimously affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered April 25, 1978, "which order denied defendant's motion to strike plaintiff's demand for the production of documents," unanimously modified, in the exercise of discretion, to restrict plaintiff-respondent's notice to produce as to the paragraphs thereof denominated Nos. 2, 3, and 5 to the two-year period immediately prior to the date of that notice, and, as to the paragraph thereof denominated No. 4, to the last two fiscal or calendar years immediately prior to that date for which defendant has records of the type specified in that notice, and otherwise to affirm, without costs and without disbursements. (See *Matter of Lee Organization v Lefkowitz,* 60 AD2d 806.) Concur—Silverman, Fein, Markewich and Sandler, JJ.

Murphy, P. J., dissents in a memorandum as to the order entered March 2, 1978, as follows: The Attorney-General seeks injunctive relief against the corporate defendant on the ground that it is unlawfully practicing law (Judiciary Law, §§ 476-a, 495). Although the Attorney-General is named as the party plaintiff, the State of New York is the real party in interest. The Attorney-General is merely suing in a protective capacity as counsel for the State. (CPLR 1301, 1303; cf. *People v Volkswagen of Amer.,* 41 AD2d 827, mot for lv to app dsmd 33 NY2d 648; 21 Carmody-Wait 2d, NY Prac, §§ 126:1, 126:2.) In this civil action, full disclosure is being accorded to the Attorney-General under the CPLR. The narrow issue thus presented is whether the defendant is entitled to any disclosure under CPLR 3102 (subd [f]). The latter statute provides as follows: "In an action in which the state is properly a party, whether as plaintiff, defendant or otherwise, disclosure by the state shall be available as if the state were a private person, except that it may be obtained only by order of the court in which the action is pending and except further that it may not include interrogatories or requests for admissions." As the court at Special Term observed, the State in this action is acting in a governmental rather than in a proprietary capacity. However, CPLR 3102 (subd [f]) does not limit disclosure by reason of the fact that the State is acting in a governmental rather than a proprietary capacity. Moreover, the Court of Appeals has not placed any such restrictive reading upon that statute (cf. *Kaplan v Kaplan,* 31 NY2d 63). Hence, the defendant is entitled to depose the State on those matters material and relevant to the defense of this action unless those matters are otherwise not obtainable. The defendant moved to examine the Assistant Attorney-General in charge of this case on the ground that the Attorney-General and the interstate patent bar had combined, in contravention of Federal statutes, to restrain the defendant from carrying on its business. The conclusory affidavits of defense counsel are insufficient to show that there is any substance to this tenth defense. Consequently, no special circumstances have been shown to examine the Assistant Attorney-General as a nonparty witness (CPLR 3101, subd [a], par [4]). In his affidavits, defense counsel also made an informal request to obtain the information gathered by the Attorney-General from questionnaires that had been mailed to defendant's present and former clients and their invention developers. This information represents material prepared for litigation (CPLR 3101, subd [d]). Since there has been no showing that the defendant cannot develop this data through its own independent investigation, the informal motion must be denied. Notwithstanding the foregoing denials, I would allow the defendant to discover the names of those complainants who, without any solicitation from the Attorney-General, prompted the original investigation and, ultimately, this action. It is true

that the defendant may strongly suspect the names of those original complainants, be they client or nonclient. Nonetheless, the defendant has thousands of clients and its business has undoubtedly brought it into commercial contact with many nonclients. The names of the original complainants should be provided by the State since those names are relevant to and will assist in the defense of this action. On a later date, the defendant may, if so advised, seek to examine those nonparty witnesses, upon a showing of special circumstances (CPLR 3101, subd [a], par [4]). In voting for limited disclosure, I am aware of the fact that a similar request for the names of complainants was denied by the Court of Appeals in *People v Bestline Prods.* (41 NY2d 887, revg 52 AD2d 17). The Appellate Division majority in *Bestline* permitted disclosure as to all complainants, even those ascertained through the Attorney-General's investigation. As indicated above, I would limit disclosure to the original complainants that precipitated the initial investigation. Unlike the defendants in *Bestline,* I find no evidence in this record that the defendant herein intends to discourage any complainant from testifying and it is unfair to assume that the defendant will do so. Should the Attorney-General discover that the defendant is using undue pressure, he has it within his power to take appropriate action. Although made in a different legal and factual setting, the comments of the United States Supreme Court in *Wardius v Oregon* are worthy of note in this proceeding, and support my view for limited disclosure (412 US 470, 475): "The State may not insist that trials be run as a 'search for the truth' so far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." To prevent surprise and to ensure a fair trial, the interest of justice demands that the defendant in this action be similarly accorded some minimal degree of disclosure. [94 Misc 2d 875.]