OPINION OF THE COURT
Gerard M. Weisberg, J.
This is a claim for wrongful death and negligence in the care, treatment and supervision of claimant’s decedent at a psychiatric facility allegedly owned or operated by defendant State of New York.
The claimant moves for an order directing the defendant to appear at an examination before trial, asserting that such examination is “essential to the continued prosecution of this claim.” The defendant, in partial opposition, argues that the claimant’s papers lack the requisite proof of materiality and necessity. The issue raised involves the standard of proof that must be set forth by a claimant in order to obtain the desired examination. This requires a reconciliation of various provisions of the CPLR with the Court of Claims Act. (CPLR 101, 3101, subd [a]; 3102, subd [f]; Court of Claims Act, § 9, subd 9; § 17, subd 2.)
In general, a litigant is entitled to pretrial disclosure of all evidence material and necessary to the prosecution or defense of an action, subject to certain limitations of privi *583 lege or exemption. (CPLR 3101 et seq.) This is, in practice, liberally construed so that the right of disclosure extends not only to matter which may be primary evidence but also to information which may be relevant and useful in discovering necessary evidence. (CPLR 104; Baxter v Orans, 63 AD2d 875; Groben v Travelers Ind. Co., 49 Misc 2d 14, affd 28 AD2d 650; see, also, Siegel, New York Practice, Disclosure Criteria, § 344.) The overriding goal is full and fair disclosure. (Allen v Crowell-Collier Pub. Co., 21 NY2d 403.)
In cases where the State is not a party, disclosure is generally obtained upon stipulation or on notice, without application to the court. (CPLR 3102, subd [b].) In such instances, there is no requirement that a party seeking disclosure make any affirmative demonstration regarding materiality and necessity unless these very elements are themselves later called into question — such as, for example, after a party opposing disclosure has, upon a motion for a protective order, set forth sufficient particulars to demonstrate prima facie that the items sought are not necessary or relevant. (CPLR 3103; People v Skylift Int., 72 AD2d 599; Smith v Robilotto, 27 AD2d 684.)
In situations where disclosure is sought from the State, mere demands or notices are not sufficient. Pursuant to CPLR 3102 (subd [f]) “disclosure by the state shall be available as if the state were a private person, except that it may be obtained only by order of the court in which the action is pending”.
Where the State is a defendant, as in the case at bar, a claim for money damages may be brought only in the New York State Court of Claims (see Sinhogar v Parry, 53 NY2d 424, 431), and disclosure would be governed by both CPLR article 31 and by subdivision 2 of section 17 of the Court of Claims Act. The latter states that the court, may in its discretion, order an examination before trial “upon proof that [it] *** is material and so necessary that [the claimant] cannot properly prepare for trial or present his claim to the court upon the trial and that the interests of justice require the same”. Section 17 and the CPLR are basically in harmony with each other. However, to the extent that they differ, this court must consider the provi *584 sions of section 17. This is in conformity with CPLR 101 which provides that the CPLR “shall govern the procedure in civil judicial proceedings * * * except where the procedure is regulated by inconsistent statute.” (See, also, Court of Claims Act, §9, subd 9; McNamara, The Court of Claims: Its Development and Present Role in the Unified Court System, 40 St. John’s L Rev 1, 8.)
In considering section 17, the court notes that the element of materiality appears to be no different from that under CPLR article 31. However, the requirement that the proof be “so necessary” seems to venture beyond the CPLR standard of mere usefulness. In an effort at clarification, the Third Department has suggested that this “so necessary” phrase must have been intended by the Legislature to be “interpreted in conformity with what the average trial attorney would regard was essential * * * for trial.” (Redmond v State of New York, 283 App Div 841, 842.) However, even such a broad construction would present a most difficult, if not impossible, challenge to a court if followed literally. It may be assumed, with a reasonable measure of certainty, that many attorneys would regard “materiality and necessity” as synonymous, for all intents and purposes, with “essentiality”. This would be especially true at the early stages of litigation, when an attorney is just beginning to gather information and may not know what is absolutely essential to the case and what is merely helpful.
This court is of the opinion that, in cases such as the one at bar, where the State appears as a normal party and is sued in its proprietary capacity (as distinguished from its governmental capacity), the State may be deposed under the same generally liberal standards of materiality and necessity as apply, to a private party under the provisions of the CPLR. (See Lefkowitz v Lee Organization, 94 Misc 2d 875, affd 66 AD2d 656.) There is no indication that the State would suffer any prejudice thereby or that the proverbial door would be opened henceforth to a multitude of frivolous “fishing expeditions”. At the same time, a claimant would be assured of obtaining whatever nonprivileged information may be useful and relevant to the proper prosecution of the claim.
*585 While the requirement of proof set forth in the Court of Claims Act may thus be regarded as flexible and liberal, to be satisfied perhaps by a minimum of supporting facts, it is nevertheless a standard which cannot be cast aside. In situations where a court order must be obtained, a claimant’s right to disclosure is not automatic. The claimant is required to set forth at least something more than suspicions or bare allegations of “essentiality”. (See, e.g., Matter of Fili v Fili, 27 AD2d 908.) To hold otherwise, by permitting conclusory statements to be used as or in lieu of “proof” would, in its practical effect, convert the statutory requirement of “disclosure by court order upon proof” into a pro forma “disclosure upon notice to the court”. This is clearly contrary to the language of the statute and would render meaningless the need for the intervention of the court.
On the instant motion, the claimant’s papers are devoid of an affirmative factual demonstration that the examination sought is material and necessary. Such papers are, at best, speculative and they are clearly insufficient for the court to exercise its discretion in granting the motion. However, in the interest of justice and in view of the fact that the defendant would not oppose an examination upon a proper showing of proof, the claimant should be afforded another opportunity to seek the requested relief.
Accordingly, the motion is denied without prejudice and with leave to renew upon proper papers which shall include sufficient facts to demonstrate the materiality and necessity of an examination before trial of defendant State.