OPINION OF THE COURT
Nicholas A. Clemente, J.
Plaintiff alleges that on November 3, 1981 she was physically assaulted and raped by an intruder in her apartment located in an apartment building at 470 Ocean Parkway in Kings County. This action was commenced against the defendant landlord. Plaintiff, inter alia, maintains that defendant violated subdivision b of section D2619.07 of the Administrative Code of the City of New York which provides as follows: “b. The owner of a multiple dwelling shall install and maintain in every yard and court one or more lights of at least 40 watts * * * in such locations as the department may prescribe. The lights required by this subsection shall be kept burning from sunset on each day to sunrise on the day following.” Plaintiff maintains *1087 that defendant’s failure to maintain the required lighting caused the intrusion upon her.
Plaintiff in furtherance of establishing the above theory of liability learned from the police department that prior to November 3, 1981 there were 11 criminal complaints at 470 Ocean Parkway.
Plaintiff now makes this motion seeking an order compelling the New York City Police Department to release to her its complaint reports so that she may learn the name and apartment number of each complainant.
Both the police department and defendant oppose the motion. In addition, defendant cross-moves to require plaintiff to produce her criminal complaint to the police department and a transcript of the trial on the instant criminal offense. The police department in opposing plaintiff’s motion for complaint reports contents that to grant it would constitute an invasion of privacy of the various complainants.
While initially resolution of plaintiff’s motion might seem to juxtapose section 87 of the Public Officers Law and CPLR 3101, closer scrutiny of the motion shows otherwise. Plaintiff’s motion seeks discovery and the applicability of the Public Officers Law is not before the court. Moreover, it has been repeatedly held that the Public Officers Law was not intended as a new research tool for private litigants in matters not affected by a public interest or as a shortcut to the discovery procedures of the CPLR (Brady & Co. v City of New York, 84 AD2d 113; Arzuaga v New York City Tr. Auth., 73 AD2d 518, 519; Matter of D'Alessandro v Unemployment Ins. Appeal Bd., 56 AD2d 762, 763).
The issue, therefore, resolves itself into whether plaintiff is entitled to discovery from a nonparty witness. CPLR 3101 (subd [a], par [4]) provides:
“(a) Generally. There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by * * *
“(4) any person where the court on motion determines that there are adequate special circumstances.”
In my view there are not adequate special circumstances. It would appear that plaintiff seeks to obtain the *1088 names of other victims of crime at the subject building in order to help establish that lights required by law were not in operation. It is far from clear that disclosure of what plaintiff seeks will establish this. More significantly plaintiff has not shown what effort if any she has made to locate the names and apartment numbers she seeks (cf. Cirale v 80 Pine St. Corp., 35 NY2d 113, 117; People v Volkswagen of Amer., 41 AD2d 827). Thus to grant plaintiff’s motion in this regard would be to enlist the police as plaintiff’s private investigator.
It is true that the police department has failed to establish any privilege for the material plaintiff seeks. In this regard in Cirale v 80 Pine St. Corp. (supra, p 118), the court stated that there must be specific support for the claim of privilege. The court also stated, however, that where discovery of privileged matter in the hands of a government agency is sought there must be a balancing of needs as follows: “Thus, the balancing that is required goes to the determination of the harm to the overall public interest. Once it is shown that disclosure would be more harmful to the interests of the government than the interests of the party seeking the information, the overall public interest on balance would then be better served by nondisclosure. While the need of a litigant for the information would present a strong argument for disclosure, the court should balance such need against the government’s duty to inquire into and ascertain the facts of a serious accident for the purposes of taking steps to prevent similar occurrences in the future.”
Here as indicated the police department has failed to establish any privilege. However, in regard to the special circumstances test of CPLR 3101 (subd [a], par [4]), the Cirale factors would seem pertinent. I refer here to plaintiff’s need for the information versus the obvious police and public interest in not readily disclosing the names of complaining witnesses to anyone who asks even though the interest may not rise to the level of privilege.
Accordingly, since there are no special circumstances justifying allowing plaintiff to obtain what she seeks (cf. People v Bestline Prods., 41 NY2d 887, revg 52 AD2d 17; *1089 Lefkowitz v Raymond Lee Organization, 94 Misc 2d 875, 878, affd 66 AD2d 656) the motion is denied.
The cross motion is denied on condition that plaintiff furnish (1) an affidavit stating that she has not testified at any criminal trial in regard to this matter, and (2) a copy of her statements to the police.